ALBANY,·
Feb. 1825.

Shumway
v.
Stillman.

## SHUMWAY AND·OTHERS *against* STILLMAN.

DEBT on·judgment, in favor of the plaintiffs against the defendant, recovered in the Circuit Court of Common Pleas at Worcester, in the· Commonwealth of Massachusetts,· June 19th, 1820. The defendant pleaded, that at the· time of the commencement of the suit in which the recovery of the judgment was obtained, and at the time when· the judgment was rendered, and during all the time. between the time of the commencement of the suit, and recovery of the judgment, and ever since, he was, has been, and still is an inhabitant of, and resident in the city of Schenectady,· county of Schenectady, and state of New York.

General demurrer and joinder.

*B. F. Butler,* in support of the demurrer, said that *nul tiel record* was the only appropriate plea.(a) But admitting. the principle of the plea to be good, it is insufficient, in not answering all that it assumes to answer. It does not show that the defendant was not actually arrested. It should have denied actual arrest, personal notice and voluntary appearance. Either of these might well be, though the defendant, as alleged in the plea, was all along an inhabitant of, and resident in the city of Schenectady. The record is, *prima facie,* evidence of jurisdiction in the Court of Massachusetts, and all the facts questioning this should be fully stated.

*A. C. Paige,* contra, conceded, that upon the authorities cited, the merits of the judgment of a sister state were not inquirable into ; that in this sense, *nul tiel record* is the only proper plea ; but he said it is also well settled that the jurisdiction of its courts may be questioned, either as to the

In an action upon the judgment of a neighboring state, the defendant may show, by plea, that the court had no jurisdiction of his person, or the subject matter of the suit.

But where the defendant, to a declaration on such a judgment, pleaded that, at the time of the commencement of the suit, and when the judgment was rendered, and during all the intermediate time, he was, and ever since had been, an inhabitant of, and resident in the city of Schenectady, county of Schenectady, and state of New York ; held bad on general demurrer ; this plea not being inconsistent with the fact of his having actually appeared, in person, or otherwise, and defended the suit.

The record of a judgment in a neighboring state is *prima facie* evidence, that the court by which it was rendered, had jurisdiction ; and, to do away the effect of the record, the contrary should be clearly and fully shown.

The only plea of the general issue, applicable to a declaration, upon the judgment of a neighboring state, is *nul tiel record.*

(a) *Mills* v. *Duryee,* 7 Cranch, 481. *Hampton* v. *M'Connel,* 3 Wheat. 234. *Borden·v. Fitch,* 15 John. Rep. 121, 140.

person or subject matter.(b)   In order to make such a judgment the foundation of an action, the defendant must, at the commencement of the suit, have been within the jurisdiction of the Court; and, while there, must have been personally served with process.   His continued residence in Schenectady, as averred by the plea, is inconsistent with his having been within the jurisdiction of the Massachusetts Court, at any time, for the purposes of the judgment. *Bartlet* v. *Knight*,(c) is in point for this plea.   It is drawn in the very words of the one in that case.

[WOODWORTH and SUTHERLAND, Js. inquired whether the averment in the plea did not still leave it open to be implied, that the defendant might have been in Massachusetts, and duly served with process there?]

The legal inference is, that he was not in Massachusetts when the suit was commenced.   If not there, the proceeding must have been *in rem ;* and in such case, even a subsequent voluntary appearance will not confer jurisdiction.(d)   If the defendant was arrested, or appeared by attorney, or any other way by his own act, this should have been replied by the plaintiff.   In *Kilburn* v. *Woodworth*,(e) the proof was no more than what we have averred; yet this Court held it sufficient to negative the jurisdiction of the foreign Court.

But the declaration is defective in substance.   It should have averred that the defendant was within the jurisdiction of the Court at the commencement of the suit; and that, while there, he was served with process.(f)

At any rate, if the plea is defective, the Court will allow us to amend; and this without payment of costs.

He also cited *Butrick* v. *Allen*.(g)

*Butler*, in reply, said, that an averment of *actual* residence in Schenectady would not have been enough; for, notwithstanding this, the defendant might have appeared by appointing an attorney.   This plea, however, is still weaker. Actual residence is not pretended.   He might have been a resident in this state; and yet have been personally in Massachusetts defending the suit through all its stages.   The word

ALBANY,
Feb. 1825.

Shumway
v.
Stillman.

(b)   *Borden* v.  *Fitch,*  15 John.   Rep 141,   2,   3 *Pawling*   v *Bird's Executors,*  13   id 207.   *Bissell* v. *Briggs,* 9 Mass.   Rep. 462, 469.   *Kilburn* v. *Woodworth,* 5 John. Rep.  37,   41. *Robinson*   v. *Ward's Executors,* 8 John. Rep. 86.   *Fenton* v. *Garlick,* id. 197.   *Bartlet* v. *Knight,* 1 Mass. Rep. 408.

(c) 1 Mass. Rep. 401, 409.
(d)   *Bissell* v.   *Briggs,* 9 Mass.   Rep 462,   468. *Pawling*   v. *Bird's Executors,* 13 John. Rep. 192, 207.
(e) 5 John. Rep. 37, 41.

(f) *Kibbe* v. *Kibbe,* Kirby, 119.

(g) 8 Mass. Rep. 273.

ALBANY,
Feb. 1825.

Shumway
v.
Stillman.

*resident* does not imply actual *inhabitancy*. It may be a mere right of settlement. Instances of this occur under our poor laws, (1 R. L. 279.) The word resident is *synonymous* with *inhabitant*.(*h*)

*(h) Rosevelt v. Kellogg*, 20 John. Rep. 210.

*Curia* per SUTHERLAND, J. The questions which arise upon the demurrer are, 1. Whether any other plea than that of *nul tiel record* can be pleaded in a case like this? 2. Admitting that it is competent to show that the Court, which rendered the judgment, had no jurisdiction over the person of the defendant, is that fact shown with sufficient certainty by the plea in question?

The Supreme Court of the United States in *Mills* v. *Duryee*, (7 Cranch, 431,) decided that *nil debet* was not a proper plea to an action of debt upon a state judgment, prosecuted in another state; and that, in that particular case, as it was presented to the Court, *nul tiel record* was the proper plea. But I do not understand the Court, in the opinion delivered by Mr. Justice Story, as deciding, or intimating that *nul tiel record is the only proper plea* to such an action. The only *general* proposition *upon the subject of pleading*, which I conceive to have been established by that case, is, that *nul tiel record* is the only proper *general issue* in an action of debt upon a state judgment; and this necessarily resulted from the conclusion to which the Court came, that by the provisions of the constitution, and the law of congress upon that subject, judgments of the state Courts are to be considered and treated as *records*. Judge Story says, "the pleadings in an action are governed by the *dignity* of the instrument on which it is founded. If it be a record, *conclusive between the parties*, it can not be denied but by the plea of *nul tiel record*." And, in order to show that the record in that case was of this description, that is, conclusive between the parties, he says, "in the present case, the defendant had *full notice of the suit, for he was arrested and gave bail;* and it is beyond all doubt, that the judgment of the Supreme Court of New York was conclusive upon the parties in that state;" putting the conclusiveness of the judgment between the parties upon the ground, that the defendant had notice of the

suit a id appeared to it : impliedly admitting that the judgment would not be conclusive, where the Court had not acquired jurisdiction over the person of the defendant ; and that in such a case, *nul tiel record* was not the *only* proper plea.

This point not having been decided by the Supreme Court of the United States, I can not entertain a doubt upon principle, that, in an action upon a state judgment, it is competent for the defendant to show, by a special plea, that the Court in which the judgment was rendered had no jurisdiction either of the subject matter, or of the person. In *Borden* v. *Fitch*, (15 John. 141,) the Court say, "to give any binding effect to a judgment, it is essential that the Court should have jurisdiction of the person, and of the subject matter ; and the want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or where any benefit is claimed under it. The want of jurisdiction makes it utterly void, and unavailable for any purpose. In *Andrews* v. *Montgomery*, (19 John. 162,) Ch. J. Spencer, in delivering the opinion of the Court, says, that this Court, in *Borden* v. *Fitch*, did not believe that the decision in *Mills* v. *Duryee* was intended to be carried so far as to preclude the party, against whom it was rendered, from showing that such judgment was fraudulently obtained, or that the Court had not jurisdiction of the person of the defendant. With these qualifications, (he says,) we are bound by the authority of that case to consider a judgment, fairly and regularly obtained in another state, a full and conclusive evidence of the matter adjudicated. The same principle was held by Ch. J. Parsons, in *Bissell* v. *Briggs*, (9 Mass. Rep. 467.) He says, "the public acts, records and judicial proceedings contemplated (by the constitution and laws of the United States,) and to which full faith and credit are to be given, are such as were within the jurisdiction of the state, whence they shall be taken. Whenever, therefore, a record of a judgment of any Court of any state is produced as conclusive evidence, the jurisdiction of the Court rendering it, is open to inquiry. If it should appear that the Court had no jurisdiction of the cause, no faith or credit whatever will be given to the

judgment." And again, "if a Court of any state should render judgment against a man, not within the state, nor bound by its laws, nor amenable to the jurisdiction of its Courts, if that judgment should be produced in any other state against the defendant, the jurisdiction of the Court might be inquired into, and if a want of jurisdiction appeared, no credit would be given to the judgment."

Against the principle of the plea, therefore, in my opinion, there is no objection. But,

2. Does the plea state enough, to show that the Court, which rendered the judgment, had not jurisdiction of the person of the defendant?

Every presumption is in favor of the jurisdiction of the Court. The record is *prima facie* evidence of it; and will be held conclusive, until clearly and explicitly disproved. Now the plea, in this case, may be literally true, and yet the defendant may have been personally served with process, in the state of Massachusetts, may have entered special bail in the action, may have appeared and litigated the cause either in person or by attorney upon the trial, and may have been present in Court when the judgment was rendered. It merely states that the defendant's domicil, from the commencement of the suit, until the rendering of the judgment was in Schenectady, in the state of New York. Now, as is said by Ch. J. Parsons, in *Bissell* v. *Briggs*, (9 Mass. Rep. 470,) an inhabitant of one state may, without changing his domicil, go into another; he may there contract a debt, or commit a tort; and while there, he owes a temporary allegiance to that state, is bound by its laws, and is amenable to its Courts. This plea, therefore, entirely fails in showing the want of jurisdiction in the Court which rendered the judgment.

This plea was probably taken from that in *Bartlet* v. *Knight*, (1 Mass. Rep. 399.) But in that case the plea contained the further allegation, that the defendant, at the time of making the promise, and at the time of the recovery of the judgment was an infant; and that case was determined on the ground that the judgment was nothing more than a foreign judgment, and liable to be impeached, not on the ground of the want of jurisdiction only, but on any other

ground which showed the plaintiff ought not to have recovered.   No objection was taken to the plea on the ground that the want of jurisdiction was not sufficiently stated. The Court seem to have given more weight in their judgment to the fact of infancy, than the want of jurisdiction.

I am of opinion that the plaintiff is entitled to judgment, but the defendant may amend his plea.

Rule accordingly.