Oakley, J.
This is an action of debt, on a judgment obtained by the plaintiffs, against the defendants, Barretto and Rowland, together with Murray and Wheeler, in the Court of common Pleas, for the county of Suffolk in the state of Massachusetts.
Barretto and Rowland appear in the suit, and plead, that at the time of the commencement of the suit, in which the said judgment was rendered, and from that time, to the time of rendering the same, they were inhabitants and residents of the state ofNew-York, and never were inhabitants or residents of Massachusetts. That the original process in the said suit, was in no other manner served upon them, than by attaching a steam engine : and that they never had any notice of the said suit.
To this plea there is a general demurrer.
In support of this dumurrer, it is contended, that the plea is bad, because it seeks to draw in question the validity or effect of a judgment; which, it is said, cannot be done, except by a plea of nul tiel record.
Previous to the decision of the case of Mills v. Duryee, [7 Cranch, 481.] the question, arising on this demurrer, repeatedly came under the consideration of the Supreme Court of this state. In Kilburn v. Woodworth, [5 J. R. 41.] that court held,-that a judgment, like the present, did not bind the defendant personally : that not being in the state of Massachusetts, he could not be served with process under the authority of that state, and that the attachment of his property could be considered only as a proceeding in rein and could affect only the property attached.
In Robinson v. Executors of Ward, [8 J. R. 90.] and in Fenton v. Garlick, [Ibid. 197.] the same doctrine was laid down, and it was again repeated in Pawling v. Executors of Bird. *162 [13 J. 206.] which appear to have been decided before the publication of the opinion of the Supreme Court of the United States in Mills v. Duryee.
It was contended at the bar, that these decisions must be considered as overruled, by the judgment of the Supreme Court of the United States, in Mills v. Duryee. In that case it was held, that nil debet was not a good plea to an action founded on a judgment of a court of another state. The Supreme Court of this state has had occasion to determine the effect and operation of that decision.
In Borden v. Fitch, [15 John. 140.] all the cases on the subject are reviewed. The decision in Mills v. Duryee, was particularly considered ; and it was held, that it decided nothing more, than that a judgment was conclusive, “ where the defendant was arrested, or had in some way appeared.” Again, in Andrews v. Montgomery, [19 J. 164.] the court say, that the case of Mills v. Duryee, was never intended to be carried so far as to preclude a party from showing that a judgment against him had been obtained fraudulently; or that the court had. not jurisdiction of his person. And it is declared, that the authority of that case must be received with that qualification. In the mote recent case of Shumway v. Stillman, [4 Cow. 292.] the action was debt, on a judgment obtained in Massachusetts.
The true doctrine, then, as derived from the case of Mills v. Duryee, in connexion with these decisions of our Supreme Court, .seems to be, that where it is intended to deny the existence of the judgment in pleading, it must be done by the plea of nul lid *163 record; that the plea of nil debet is not good, and that the consideration on which the judgment was rendered, cannot be enquired into under such a plea; but that, when the record itself is admitted, its effect between the parties in an action on it, in another state, may be defeated by a special plea, denying the jurisdiction of the court; or averring fraud in obtaining the judgment.
After such a long and uniform course of decisions on this subject, by a court of supreme jurisdiction, the question as to the general character of this plea, cannot be considered an open one, in this court, and it is unnecessary to enter more minutely into an examination of the numerous cases bearing upon the point. It is sufficient to say, that the doctrine of our Supreme Court is in accordance with the uniform course of decisions in the courts of the other states on this subject.
It is contended, in the second place, that if the principle of the plea can be supported, it is defective in its averments, as it does not allege enough to show that the court in Massachsetts had not jurisdiction of the persons of the defendants.
It is said in Shumway v. Stillman, (and there can be no question of the correctness of the remark) that every presumption is in favour of the jurisdiction of the court which rendered the judgment. The record is prima fame evidence of it. The plea then must negate every fact from which that jurisdiction might arise ; and that by direct averment, and not by way of inference.
The plea in question avers, that the defendants were inhabitants and residents of New-York, during the whole time from the commencement to the termination of the suit in Massachusetts : and that no process in the suit was ever served on them. The latter averment is immaterial. If the defendants were never within the territorial jurisdiction of Massachusetts, no process could have been personally served on them. In Kilbourn v. Woodworth, the Supreme Court say, “ the domicil of the defendant was in this state, and being in person here, he was not and could not be served with process from the court in Massachusetts.” The plea also avers that the defendants never had notice of the suit. This, I also consider an immaterial averment. If issue *164 were taken on it, and it were found for the plaintiff, it would not follow that jurisdiction of the persons of the defendants would be thereby established, because that notice may have been served upon the defendants while inhabitants and residents of New-York. In that case the actual service of notice would have been a mere nullity. If the court in Massachusetts could not have acquired jurisdiction of the persons of the defendants, by the service of formal process out of the limits of that state ; much less could it have been done by the service of any other notice.
The only material averment, then, in this plea, is that the defendants were inhabitants of New-York, from the commencemeiii to the end of the suit in Massachusetts. The same averment, in substance, was contained in the plea in Shumway v. Stillman; and the Supreme Court held it bad, because it did not aver, that the defendant had not appeared to the action. An appearance by attorney, would have given the court in Massachusetts, jurisdiction of the persons of the defendants. And such may have been the case in the present instance, for any thing alleged in this plea, unless the averment of want of notice of the suit, is equivalent to an averment of no appearance in it. This cannot be, unless by way of inference merely, as it has already been shown, that there may have been actual notice of the suit, under circumstances in which it would have been altogether inoperative.
The plea also contains an averment, that the defendantswere never subject or “ amenable to the laws of the state of Massachusetts, nor within the jurisdiction of any of the courts there- “ of.” This is mere matter of law, and cannot be pleaded. No issue could be taken on such an averment. Whether the court in Massachusetts had, or had not jurisdiction of the persons ofthe defendants, must be determined by the fact, either of their domicil in that state, or by their voluntary appearance to the action commenced there.
This plea, then, ought to have contained a direct and positive averment, that the defendants had not appeared in the suit, in which the judgment in question was obtained. This averment, coupled with that of their residence in the state of New-York, *165 would have covered the whole ground of defence, and clearly shown, that the court, rendering the judgment, could not have had jurisdiction of the persons of the defendants.
The result is, that there must be judgment for the plaintiff on the demurrer.
Judgment for the plaintiff on the demurrer, with leave to the defendant, to amend their plea.
[Betts and Benedict, attys. for the plff. W. P. Hawes, atty. for the dffts. Barretto and Rowland.]