Grimke, J.
That the plea of nul tiel record puts in issue only the existence of the record is one of those maxims which admits of no exception. It is true the doctrine with regard to the effect of a judgment of a sister state, has undergone as many and as important changes as any other in the law, but on this precise question, whether on the single plea of nul tiel record, to an action of debt on such a judgment, you can go out of the record, there never has been any departure from the rule originally established. It Dando v. Tremper, 2 Johns. 87, where a suit was brought against two defendants, but the writ as to one of them was returned not found,, the plaintiff having obtained a judgment by default against both defendants, which was regularly entered according to the statute, brought an action of debt on this judgment, to which the defendants who had not been served with process pleaded nul tiel record, it was held that the original judgment being in force against both, the plaintiff was entitled to judgment against both on this plea. In that case both the original suit and the suit upon the judgment were brought in the State of New York. But the constitution and laws of the United States have declared that full faith and credit shall be given in one state to the records of another; the meaning of which has been determined to be that they shall be taken to import absolute verity. This was so settled in the case of Mills v. Duryee, 7 Cranch, 481, and this determination produced an immediate change in *the-decisions of the vari- [103 ous states. In Mills v. Duryee, the defendant had been served with process, and it was held in general terms, that the judgment of another state stood upon the same footing with domestic judgments, or rather that they were to all intents and purposes domestic judgments, and that nul tiel record was the only plea which could be plead of matter not arising subsequent to the judgment. But very soon a class of cases came before the same court, where the defendant had not a day in court, and a distinction was then .taken between such judgments, and those which had been rendered after personal notice. Mayhew v. Thatcher, 6 Wheaton, 129.
In Hall v. Williams, 6 Pick. 232, Parker, C. J., says, this court yielded a painful deference to the decision of Mills v. Duryee, without that close examination it would have received if presented to them otherwise than incidentally. In Hall v. Williams there were two defendants; they pleaded, first, nul tiel record; second that they had no notice of the original action; third, one of them *104 pleaded separately that he never was an inhabitant of the' state in which the original suit was prosecuted, or a resident therein, etc. To the second and third pleas, there was a replication averring that the defendants are estopped from denying an appearance by the record, which shows that they did appear. The record was set forth, and it did not show the fact which was alleged as a matter of estoppel, the appearance of both defendants; judgment was therefore given against the replication setting up the estoppel. So in Starbuck v. Murray, 5 Wend. 148, it was held that to an action of debt on a judgment rendered in a sister state, commenced by attachment of goods, a defendant may plead in bar that no process wa’s ever served upon him in the original suit in which the judgment was rendered, and that he never appeared in person or by attorney, although in the record it was averred that the defendant appeared to the suit. These decisions necessarily followed after the qualification which had been given to the case of Mills v. Duryee, by the very court in which it was heard. They seemed to be indispensable, in order to give import and meaning to the distinc104] tion which had *been established between those proceedings where the party has had a day in court, and those where he has not. But not one of them has in the least degree varied the rule first laid down that where ml tiel record is the only plea, the existence of the record is the only matter put in issue. It is unnecessary to decide whether the evidence offered in this case would have been proper under a different state of pleading. It is enough to say that it is not admissible under the plea pleaded.†

In Aldrich v. Kinney, 4 Conn. 380, to an action of debt on a judgment of the Supreme Judicial Court of Rhode Island, the defendant plead, that the writ in the original action was no otherwise served on him than by attaching “ certain turnpike shares,” which were not his. The plaintiff replied that process was served on the defendant according to the laws of Rhode Island, and that he appeared to the action by his attorney, John B. Snow, plead the general issue, and after a judgment against him, appealed therefrom to the Supreme Court. The defendant, in his rejoinder, denied the facts set out in the replication; and upon these allegations issue was joined. The court allowed the defendant to show that the attorney of record had no authority to appear for him; and also to prove the other facts contained in the plea. Hosmer, C. J., in delivering the opinion of the court, says: “No sufficient objection arises from the expression, that the defendant appeared by hia attorney. The attention of the court is seldom, if ever, called to the inquiry, unless specially directed to it, whether a person claiming to be the attorney *105 of the party, is really such; and the record, by the management of the plaintiff, need never be destitute of this affirmation.” See Harrod v. Barnetts, 1 Hall, 155, where a similar plea was held bad, on demurrer, because it contained no positive averment that the defendant had not appeared, in the original suit.