## JOHN HOOKER *vs.* SAMUEL HUBBARD.

The indorser of a promissory note indorsed a second note of the same maker, and intrusted it to the maker to deliver to the indorsee of the first note in renewal or payment thereof. The indorsee of the first note declined so to receive it, but afterwards bought it of the maker for a separate consideration, knowing that it was indorsed for no other purpose than as above stated, and on its maturity brought suit upon it against the indorser. In an action also brought by him against the indorser, on the first note, *Held*, that he was estopped from denying that he received the second note for the purpose for which it was indorsed.

CONTRACT by the indorsee against the prior indorser of the following note: " Springfield, Sept. 10, 1866. Two months after date I promise to pay to the order of Samuel Hubbard $700, value received, at Chicopee National Bank. (Signed) Mrs. M. L. Perry. (Indorsed) Samuel Hubbard, John Hooker."

At the trial in the superior court, before *Wilkinson*, J., it was admitted that this note, on maturity, was not paid by the maker, and that the indorsers were duly notified, and the plaintiff took it up before Mrs. Perry went to Hartford as hereafter stated. The defendant introduced evidence tending to show that, the day after the note fell due, the plaintiff sent Mrs. Perry to Hartford, where the defendant lived, with the message that if the defendant would make a note payable to the plaintiff, the plaintiff would indorse it, and with it would take up Mrs. Perry's note. The defendant refused to do so, but finally consented to indorse a note, and the following note was then written and was indorsed by the defendant : " Springfield, Nov. 14, 1866. Ninety days after date I promise to pay to the order of John Hooker $700, value received. (Signed) Mrs. M. L. Perry. (Indorsed) Samuel Hubbard." Before, however, the defendant would agree to do this, he required that Mrs. Perry should sign an additional note of the same date and amount, payable to his own order, and leave it with him as security that she should return to him either the note of September 10 or the note of November 14 ; and she did so. The note of November 14 then being brought to the plaintiff, he refused to receive it, and it remained in the hands of Mrs. Perry for six weeks, when the plaintiff bought it of her for a separate consideration, knowing at the time that it was indorsed by the defendant and delivered by him to Mrs. Perry for no other purpose than as a renewal or payment of the note of September 10. On its maturity the plaintiff commenced an action upon it against the defendant, in the superior court, which was pending at the same time with the present action.

The plaintiff asked the judge to rule that if the note of November 14 was given in payment of the note in suit, but, when 't was presented to the plaintiff, he refused to receive it as such, then it could not be set up as such, although it afterwards came into the plaintiff's possession with a knowledge of the circumstances.

But the judge declined so to rule, and instructed the jury that if the note of November 14 was given by the defendant for the purpose of taking up the note in suit, and for no other purpose

and the plaintiff, although he refused to accept it in payment, afterwards obtained possession of it in any way, and claimed to enforce it against the defendant as a valid note, knowing the circumstances, then he would be obliged to apply it to the purpose for which it was executed and delivered, as a payment of the note in suit.  The plaintiff alleged exceptions.

*C. A. Winchester*, for the plaintiff, cited *Whittier* v. *Eager*, 1 Allen, 499 ; *Curtis* v. *Hubbard*, 9 Met. 327 ; *Butts* v. *Dean*, 2 Met. 76.

*G. M. Stearns* (*J. E. McIntire* with him), for the defendant, cited *Reed* v. *Boardman*, 20 Pick. 441.

FOSTER, J.  We cannot distinguish this case from *Dewey* v. *Bell*, 5 Allen, 165.  The note of November 14 was given for no other purpose than to renew and pay the one of earlier date now in suit.  The plaintiff, knowing this fact, had no right, as against this defendant, to take it except in payment.  Having elected to take it and enforce it by suit, the law conclusively presumes that he took it for a rightful and not an illegal and fraudulent purpose, and the plaintiff is estopped from alleging the contrary. It is plain that both notes cannot be enforced rightfully against the present defendant.  The plaintiff must fail in one of the two pending actions.  If the acceptance of the second note be not treated as payment of the first, by a negotiation of the second to a *bona fide* holder for value before maturity, the defendant might have been rendered liable on both.  To avoid this unjust result, and prevent the plaintiff from accomplishing a successful fraud to the injury of an innocent person, the just and equitable principle of estoppel is invoked, and the plaintiff is held to be forever bound by that construction of the transaction according to which alone it was rightful.  *Dewey* v. *Bell* is precisely like the present case, with this exception : there the negotiation of the note given in payment had actually taken place.  The commencement of a suit on the renewal note is an equally decisive act of election to make it the plaintiff's own, and, in this case as much as that, the plaintiff " is estopped to say he did not accept it for the purpose for which it was made."

*Exceptions overruled.*