DAVID M. HENDERSON *vs.* JONATHAN H. STANIFORD.

A creditor who has obtained a judgment in another state, which is not absolutely void by its laws, and which the defendant has not attempted to avoid, cannot sue on the original demand.

Pleading a judgment in bar of an action upon the original demand is a waiver of the defendant's right to avoid it for want or insufficiency of service.

CONTRACT on a promissory note dated October 20, 1864, made by the defendant payable in one month to the order of the plaintiff, who was described in the writ (which was dated January 20, 1869,) as of Crescent City in the county of Del Norte and state of California. The answer put the plaintiff to his proof concerning the making of the note, and set up " that if the plaintiff shall show that the defendant made the note, then the defendant answers that there is a judgment upon said note in the county of Del Norte and state of California, against the defendant and in favor of the plaintiff, and the same has never been reversed, re-

viewed or annulled, but is still in force against the defendant in said state, where said contract was made, and where said defendant for a long time, to wit, from the year 1849 until some time in the year 1867, had his residence, — that he came to the state of Massachusetts some time in the year 1867, but with the intention in a short time of returning to the state of California."

The parties stated the case, referring to the pleadings, admitting the making of the note by the defendant, and continuing as follows : " In the year 1849 the defendant went from Massachusetts to California, and voted and was taxed there until he returned to Massachusetts in the year 1867. When he came to Massachusetts it was his intention to return to California, but in consequence of domestic affliction he has remained here. While in California he had his residence in the township of Crescent, otherwise known as Crescent City. In June 1868 the plaintiff commenced an action before a justice's court, against this defendant, in Crescent township and county of Del Norte, where said defendant had resided, upon the note in this suit, notice of the pendency of said action being duly given by publication ; and the same was prosecuted to final judgment upon default, the defendant not appearing personally or by counsel. Said judgment has never been arrested, reversed, reviewed or annulled, but is now a valid and unsatisfied judgment in full force in the state of California. Upon the above facts it is agreed that the court may render such judgment as is warranted by the pleadings." The superior court gave judgment for the defendant, and the plaintiff appealed.

*C. A. Sayward*, for the plaintiff.

*C. Sewall*, for the defendant.

WELLS, J. The defendant was not in California when the action was commenced against him there ; nor at any time during its pendency. No service of process or notice was ever made upon him personally. He did not appear by counsel, or otherwise, nor assent to the judgment, which was rendered upon his default of appearance. But he had been, for a long time before that, a citizen of California ; the contract was made there ; and that continued to be his legal domicil when the judgment was rendered. He was therefore, upon principles of international

right, subject to the laws, and to the jurisdiction of the courts of that state. Story Confl. Laws, §§ 546, 548. *Hall* v. *Williams,* 6 Pick. 232, 240. *Gillespie* v. *Commercial Insurance Co.* 12 Gray, 201. In Massachusetts, jurisdiction is assumed to be exercised in suits against parties who have been inhabitants of the state, although not so at the time of action brought. Gen. Sts. *c.* 126, § 1. *Morrison* v. *Underwood,* 5 Cush. 52. *Orcutt* v. *Ranney,* 10 Cush. 183. We must presume that the exercise of jurisdiction, in the suit in question, was in accordance with the laws of California. The agreed facts state that the judgment " is now a valid and unsatisfied judgment, in full force in the state of California."

If it were conceded that the defendant might reverse the judgment upon writ of error ; or, being in another state, avoid it by plea ; it would not follow that, until so reversed or avoided, the plaintiff is at liberty to treat it as a nullity, and resort to his original cause of action. A judgment, obtained without legal notice or service of process upon the defendant, there being no other objection to the jurisdiction of the court rendering it, is voidable only, not void. *Hendrick* v. *Whittemore, ante,* 23. The defendant can avoid it only by plea; except where he is compelled to resort to a writ of error. And upon such plea, the burden is upon him to show the invalidity of the judgment. *Bissell* v. *Wheelock,* 11 Cush. 277. *Carleton* v. *Bickford,* 13 Gray, 591. *Starbuck* v. *Murray,* 5 Wend. 148. Besides the defendant and those in privity with him, only parties who derive from the defendant some right which is affected by the judgment can avoid it by plea. *Downs* v. *Fuller,* 2 Met. 135. *Vose* v. *Morton,* 4 Cush. 27. Such plea is available only when the judgment is set up for the purpose of enforcing it or asserting rights under it, by the plaintiff therein or some one claiming under it. Neither the defendant nor other parties, who may avoid the judgment by writ of error or plea, can otherwise treat it as of no effect. *Morrison* v. *New Bedford Institution for Savings,* 7 Gray, 269 *Wheeler* v. *Aldrich,* 13 Gray, 51.

In the opinion of the court, a plaintiff who has voluntarily converted his demand into the form of a judgment, valid where it is

rendered, so long as the defendant has not attempted to avoid the judgment in any mode, cannot himself treat it as of no effect, and sue upon the original demand. If the judgment is voidable for want of service upon the defendant or notice to him, he may waive that. He does waive it by pleading the former judgment in bar of the present action.

A plea, which shows that the cause of action is merged, satisfied, discharged or otherwise defeated as to the pleader, by a former judgment, does not necessarily depend upon the principle of estoppel, requiring mutuality of operation. It may be effectual even when pleaded by one who is neither party nor privy to such former judgment. *Campbell* v. *Phelps*, 1 Pick. 62. If it sets up a judgment valid against another party, it need not admit the validity of the judgment as against the party pleading it, although he is joined as defendant therein. *Ward* v. *Johnson*, 13 Mass. 148. *Catskill Bank* v. *Hooper*, 5 Gray, 574, 585. But in the present case, the judgment in California being against the defendant alone, if he sets it up in bar of this suit he affirms the validity of that judgment against himself, and is *eo instanti* estopped to impeach it thereafterwards. *Hooker* v. *Hubbard*, 97 Mass. 175, and 102 Mass. 239.

In the cases of *Middlesex Bank* v. *Butman*, 29 Maine, 19, and *Whittier* v. *Wendell*, 7 N. H. 257, to which we are referred, and also in *Rangely* v. *Webster*, 11 N. H. 299, it was held that when an action is brought upon the original demand, and a judgment recovered thereon in another state is set up in bar, the plaintiff may allege in reply the invalidity of that judgment. But in all those cases there was an entire want, not only of personal service or notice, but of any ground of jurisdiction whatever, in the court rendering the judgment, as against the party so pleading it. The decisions were put upon the ground that such judgments, when sought to be enforced in another state, or availed of in any manner as judgments, were mere nullities, *coram non judice*. This result reached in these cases would necessarily follow from holding a judgment to be absolutely void. *Pond* v. *Makepeace*, 2 Met. 114. *Loring* v. *Folger*, 7 Gray, 505. The decisions do not therefore affect the case of a judgment voidable only.

The argument that to hold otherwise in any case would be unjustly to deprive the plaintiff of his remedy, because he must fail in whichever form he might bring his action, will not answer for the test of a legal principle. As an argument *ab inconvenienti*, it is equally applicable to every case of an action founded upon a contract or right which is voidable at the election of the defendant. It does not deprive the plaintiff of his remedy; it only compels him to resort to another mode. He may avoid a defeat of his action upon such a plea, by joining a count upon the judgment with one upon the original demand. *Odom* v. *Denny*, 16 Gray, 114. Or, after plea filed, he may have leave to amend by joining such an additional count. *McVicker* v. *Beedy*, 31 Maine, 314. *Goodrich* v. *Bodurtha*, 6 Gray, 323.

As no such joinder is made in the present suit, and no amendment has been moved, the express agreement of the parties, " that the court may render such judgment as is warranted by the pleadings," requires that the judgment for the defendant in the court below should be                                    *Affirmed.*