By the Court. —Curtis, J.
This is a controversy submitted pursuant to § 372 of the Code.
The facts appear in the case submitted.
The first objection raised by the defendant is, that in the statement of facts agreed upon, the jurisdiction of the foreign tribunal over the cause, over the thing and over the parties, should have been specifically shown and cannot be presumed. It appears by the statement, that the plaintiff brought suit against the company in the Court of Common Pleas of the county of Cuyahoga and State of Ohio, and that the company duly appeared by its attorney. The courts of Common Pleas for counties in other States, have been regarded in this state as courts of record, possessing in civil cases a general jurisdiction to any amount, with the exception of suit for real property. This court early held this in regard to the Court of Common Pleas for the County of Suffolk, Massachusetts. Harrod v. Barretto (1 Hall, 155), adopting the rule of presumption in that respect, that prevailed in the Supreme Court of the United States (Kempe’s Lessee, v. Kennedy, 5 Cranch, 173). The Supreme Court of this State have held the same. Foot v. Stevens (17 Wend. 483), and the cases cited on behalf of the defendant do not vary the rule.
The company .voluntarily submitted to the jurisdiction of the tribunal of another State, and admit that they there duly appeared by their attorney. It is clear that the statement of facts submitted, shows that the Ohio court had jurisdiction over the cause at its commencement, and the next question raised by the defendant, and to be considered, is, whether the Ohio tribunal at any time lost that jurisdiction.
The defendant claims that the action abated by the *187 dissolution of the company. The act of 1832, “To prevent the abatement of suits by or against corporations,” provides that the court in which any suit or proceeding against a corporation which shall have been dissolved by the Supreme Court, or by the expiration of its charter or otherwise, shall be pending at the time of such, dissolution, shall have power on the application of either party thereto to make an order for the continuance of such suit or proceeding, and the same may be thereafter continued until a final judgment or decree shall have been had therein, which shall have the same effect upon the rights of the parties as if such corporation had not been dissolved” (Laws of 1832, ch. 295 ; 1 R. S. 4 ed. p. 1174, § 14). The Code, § 121, directs that no action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue, and provides for its continuance either in the name of the representative or successor in interest, or in the name of the original party, or that of the transferee, as the case may be. Previously to these enactments, it was held that when pending a suit by a foreign corporation, its charter was repealed, the action did not abate (Lombard Bank v. Thorp, 6 Cowen, 46), and the trustees who succeeded to its property were substituted.
For the purposes of this case, we must assume in the absence of'any proof to the contrary, that the law of Ohio in respect to the abatement and continuance of actions is the same as our own. In Leavenworth v. Brockway (2 Hill, 202,) the court use this language: “The onus próbandi was upon the defendant, to show “the law of Ohio to be different from that of this State, “if he wished any advantage from it. In the absence “of such proof, the court in cases like the ^present “should act according to its own laws.” “In Chendy “v. Arnold, 15 N. Y. R. 353, Denio, Ch. J., says : “Na “evidence was produced respecting the matrimonial *188 “law of Rhode Island. In the absence of such evi- “ dence, we are to intend that is the same as our law.” To the same effect Robinson v. Dauchy, 3 Barb. 21, 29, where the court assumes, in the absence of proof on the subject, that the law of Massachusetts in respect to the purchase of goods under false pretences is like our own; also Hoffman v. Carow (22 Wen. 324). Consequently, assuming the law of Ohio, in'the absence of all proof in respect to it, to be the same as our own, it then becomes necessary to consider whether we can inquire into the course of proceedings in the suit in the' Ohio courts, to determine whether the action upon the dissolution of the corporation was duly proceeded with in that State, against the corporation and in conformity to law. As in accordance with our law, the suit did not abate: it only remains to see if it was properly continued. In other words, in an action to recover upon a judgment record of a court in another state, where no application has been made for relief in the court where it was recovered, and no objection is interposed by answer or demurrer, or otherwise, before the hearing, can it be a subject of inquiry whether the action was properly continued or not %
This question may be considered as answered by the well-settled presumptions of law in respect to legal proceedings. In the case of Harrod v. Barretto (1 Hall, 155), the opinion of the court by Oakley, J., seems to make it conclusive, that in an action upon a judgment obtained in the courts of another State, it is competent for the defendant to show by a special plea that the court in which the judgment was rendered had no jurisdiction either of his person or the subject-matter, and'that every presumption is in favor of the jurisdiction of the court which rendered the judgment, and the plea must negate, by positive averments, every fact from which that jurisdiction might arise.
There is nothing in the present case showing on the *189 part of the defendant or otherwise any failure "by the Ohio court to retain the jurisdiction it originally acquired over the suit by the voluntary appearance of the corporation. It could not be divested of that jurisdiction by any non-appearance of the attorney at a subsequent stage of the litigation, and gs we must assume the Ohio law, in the absence of all proof, to be the same as our law, we are consequently also bound to presume that the court, by all due measures, continued to be clothed with jurisdiction, until the rendition of its final judgment. For us to presume the contrary would be without precedent, and would also introduce a new element of difficulty in the prosecution of suits to recover upon a judgment rendered in another State. It is better to adhere to the well-considered ruling presented in the case of Harrod v. Barretto (supra), in reference to the legal presumption of regularity and jurisdiction, than to attempt in a summary manner to negate the well-considered judgment of a court in another State.
This view also is in accordance with that policy of legislation and adjudication which seeks to protect the rights and remedies of parties from being destroyed or diminished by proceedings to appoint receivers, and by the dissolution or sequestration of corporations. The construction given to the national banking act, in the Bank of Bethel v. Paguisque Bank (14 Wallace, 383), though not analogous to the blew York statute, shows this tendency. It was held that a bank could be sued though a receiver was appointed and was administering its concerns, and that his decision upon the validity of a claim was not final, but that the creditor, could proceed afterwards to have the validity of the claim judicially adjudicated in a suit in a proper State court, against the bank.
The law cannot endorse the action of a receiver, when he seeks to place himself in a position to reap the benefit of a decision, if it should prove favorable to the com *190 pany, and to escape the consequences if it should prove adverse. It is a part of his duty to protect its assets for the "benefit of each anil every creditor alike, and depriving no one by any act of his of his legal rights.
Having arrived at the conclusion that the first question submitted to the- court upon this case is to be answered in the affirmative, and that the judgment in Ohio is valid against the receiver, there is no occasion to look" at the second question submitted.
There should be a judgment rendered in favor of the plaintiff, against the defendant, for the sum of §4,141.27, with interest from May 14, 1872.
Freedman and Van Vorst, JJ., concurred.