### CORNWALL v. DAVIS.

### WAKELEE v. SAME.

*(Circuit Court, S. D. New York.   June 10, 1889.)*

1. ESTOPPEL—IN PAIS—TO DENY VALIDITY OF JUDGMENT.
      Subsequent to defendant's adjudication as a bankrupt, complainant, owning a debt against him which existed at the date of his adjudication, and which had been proved in the bankruptcy proceedings, sued him on the debt in a state of which he was a non-resident, and, without personal service or other means of giving the court jurisdiction, obtained a personal judgment against him.   Afterwards defendant petitioned for a discharge in bankruptcy, which complainant opposed, and thereupon defendant petitioned the bankruptcy court that complainant's proofs of debt be canceled because he had obtained a valid judgment, in which the debt was merged.   The court so ruled, and canceled complainant's proofs of debt, and dismissed his opposition, in which ruling he acquiesced, relying on defendant's acknowledgment of the validity of his judgment.   Complainant filed this bill, alleging the above facts; also, that he was desirous of bringing an action at law on said judgment in another state, and that by the law of that state defendant's conduct subsequent to the rendition of the judgment cannot be pleaded, but that the complaint must allege either the facts showing jurisdiction in the court which rendered it, or that the judgment was duly entered; and praying that defendant be adjudged to be forever estopped to make the defense that the judgment was void for want of jurisdiction.   *Held,* that the bill made a proper case for equity jurisdiction; and that defendant's position in the bankruptcy proceedings estopped him to deny the validity of complainant's judgment.

2. SAME—EQUITY—ADEQUATE REMEDY AT LAW.
      The bill also prayed that defendant be adjudged to be estopped to assert that the judgment was barred by the discharge in bankruptcy.   *Held* that, if defendant interposed such defense to the action at law, complainant could show in that action the facts relied on to constitute the estoppel, and that therefore equity would not pass upon the question.

In Equity    On demurrer to bills.   Suits to enjoin defenses at law.

*Anson Maltby,* for complainants.

*Henry A. Root* and *T. D. Kenneson,* for defendant.

SHIPMAN, J.    In each of the above bills in equity the defendant has demurred to the bill.   The bills of complaint in the two suits present the same questions, and the demurrers are upon the same grounds.   It is therefore only necessary to state the facts which are alleged in one suit.

The bill of complaint in the *Cornwall Case* alleges the following facts: On August 26, 1869, at San Francisco, Cal., the defendant, Davis, made his five promissory notes in writing, for value, to the order of P. B. Cornwall, and delivered the same to him, all of which were time notes, amounting in all to $13,783.70, of which only the sum of $1,407.43 has ever been paid.   On September 11, 1869, defendant filed in the

United States district court for the district of California, in bankruptcy, his petition to be adjudged a voluntary bankrupt, and was adjudged a bankrupt on September 30, 1869. The debts due from the defendant to said Cornwall, as evidenced by said promissory notes, were duly proved in said bankruptcy proceedings. The defendant filed his petition for a discharge on December 23, 1875. Upon a petition of said Cornwall on July 30, 1872, said district court granted him leave to sue defendant upon said notes. The petition, which is a part of the bill, alleged, among other things, that Davis was then reputed to reside in the state of New York. Pursuant to said order, in August, 1872, he began an action upon said notes against said defendant in the district court of the Fifteenth judicial district of the state of California, by publication of summons therein, under the laws of the state of California, and without personal service of the summons upon said defendant. Thereafter, and on December 18, 1872, said Cornwall, without personal service of summons upon said Davis, and without his appearance in said action by attorney or in person, and without his answering or demurring to the complaint therein, and without any proceedings by attachment or *in rem* therein, obtained a judgment against Davis in said court, adjudging that he recover $17,043.64 with interest thereon. On December 23, 1875, Davis filed in said bankruptcy proceedings a petition for his discharge in bankruptcy, and on or about February 23, 1876, said Cornwall filed in said proceedings specifications of opposition thereto. On March 18, 1876, Davis filed in said bankruptcy proceedings his petition and notice of motion for an order canceling said Cornwall's proof of debt, and dismissing the said specifications of opposition, because the said Cornwall on or about July 26, 1872, and after he had proved his debt against the said estate, obtained an order from the bankruptcy court, granting him leave to commence any action or actions at law or suits in equity against the said Davis. That on or about August 2, 1872, the said Cornwall commenced the above-mentioned action for the same cause of action on which he had proved his debt in the said bankruptcy proceedings, and obtained judgment in his favor and against the said Erwin Davis, which said judgment was in full force. That said motion came on to be heard before said court, July 20, 1876, and argument was made by counsel for both Cornwall and Davis upon said petition, notice of motion, and specifications of opposition to the bankrupt's discharge, and it was then and there claimed, declared, and admitted, and assurance was made in open court, by counsel duly authorized thereto, for and in behalf of said defendant, that the original debts of said Davis, due to the said Cornwall, and proved in said bankruptcy proceedings, had merged in said judgment obtained December 18, 1872, and thereby became a new debt, created since the adjudication of said Davis as a bankrupt. That said judgment was subsisting, valid, and enforceable, and that said judgment debt would not be barred or discharged, or in anywise affected, by the discharge in said bankruptcy proceedings of said Davis, but would remain standing of record, and valid; and further, that Cornwall had, by reason of such facts, no stand-

ing, and was not interested in such bankruptcy proceedings, and was not, therefore, a party competent to oppose the discharge of said bankrupt. On October 31, 1876, an order was made in said bankruptcy proceedings that all proofs of debt theretofore made and filed in said court by Cornwall against the estate of Davis be canceled, and that the specifications of opposition theretofore filed by said Cornwall be dismissed and set aside. That said order of October 31, 1876, was based upon and made by reason of the said claims and representations of counsel for said defendant Davis. That Cornwall relied upon and accepted as true and binding said claims and representations of said Davis that said judgment was valid and binding on him, the said Davis, and that the same would not be barred by a discharge in bankruptcy of said Davis, and was thereby induced to accept as binding and correct in law the said order of the said United States court, and by reason of said admissions and representations was induced to accept, and did accept, the order, and did not appeal therefrom. Davis thereafter obtained his final discharge in bankruptcy in said proceedings, and Cornwall never, after October 31, 1876, made any opposition to said Davis' petition for his discharge in bankruptcy. Said judgment of December 18, 1872, is still standing of record in said court, and is in equity of full and binding force, and valid by reason of said facts, and the whole amount thereof remains due to Cornwall from Davis. Cornwall claims upon all the premises that the defendant is forever estopped from setting up against him, concerning said judgment of December 18, 1872, that the debts proved in bankruptcy as aforesaid were not merged in said judgment; that it is not valid; that it does not constitute a new debt which is unaffected by said Davis' said final discharge in bankruptcy, and that said discharge is a bar to any such suit upon said judgment.

Heretofore, in various courts, in sundry actions upon said judgment between said Davis and Cornwall, and which were discontinued or terminated without prejudice to Cornwall, said Davis has claimed and set up, and still claims and sets up, that said judgment of December 18, 1872, is void because of the lack of jurisdiction of the court wherein it was entered, for the reason that said Davis was not personally served with process, did not appear in the action in any manner, and that the action was not *in rem* or commenced by attachment; and further, that he has obtained a discharge in said bankruptcy proceedings which forever bars all recovery upon said judgment, and such discontinuances were had because said Davis so claimed and set up. That said Davis has frequently threatened, and still threatens, and Cornwall has reason to believe will endeavor to defeat recovery upon said judgment in any action that may be brought thereon by Cornwall by setting up the same defense. The bill further alleges that Cornwall is about to commence an action at law upon said judgment of December 18, 1872, against Davis, to recover the amount due thereon as aforesaid, in the state of New York, wherein Davis resides. That, as Cornwall is advised and believes, under the law of the state of New York, where said action is to be brought, in an action at law to recover the amount due upon such

judgment the facts subsequent to such judgment as hereinbefore set forth and constituting the estoppel as herein claimed and insisted upon may not be pleaded in the plaintiff's complaint as or in aid of a cause of action, but that such action must be brought upon such judgment alone, and that by the law of the state of New York it is necessary in an action at law upon such judgment to allege in the complaint either the facts showing the jurisdiction of the court in which the judgment was entered, or that the judgment was duly entered; and that, unless this be done, the complaint would be dismissed on demurrer. That Cornwall is unable truthfully to allege in said complaint such jurisdictional facts, or that such judgment was duly entered, and that he is thus remediless in an action at law to maintain his rights under such judgment and under the facts hereinbefore set forth. All of which acts, doings, and pretenses on the part of defendant since October 31, 1876, are contrary to equity and good conscience, and tend to the manifest wrong and injury of Cornwall in the premises. The bill then prays that Davis be adjudged to be forever estopped from claiming the said defenses hereinbefore stated, and also prays for an injunction. To the bill of complaint the defendant has demurred on the ground that the said complainant hath not such a case as entitles him in a court of equity to any relief.

It is virtually conceded by these averments that no action can be sustained upon the California judgment if the lack of jurisdiction in the court which rendered it is permitted to be shown, or if its defects are not shown to have been subsequently waived by Davis. The bill alleges that by the law of New York, in an action in that state upon the judgment, it is necessary to allege either the facts showing the jurisdiction of the California court, or that the judgment was duly entered, and that the complainant is unable truthfully to allege in his complaint such jurisdictional facts, or that the judgment was duly entered. The proceedings were taken, under the existing statutes of California, against a non-resident. Davis had been apparently domiciled in that state, or had been a resident therein, but had departed therefrom, and was reputed to reside in New York. He was not served with process, he did not appear, and the proceeding did not affect him personally. *Cooper* v. *Reynolds,* 10 Wall. 308; *Pennoyer* v. *Neff,* 95 U. S. 714. The object of the bill is to enjoin Davis against setting up either the invalidity of the judgment or his discharge from the debts which were provable against him in bankruptcy, upon the ground that an equitable estoppel exists which prevents him from asserting either of these defenses. Different considerations are applicable to the different defenses, which will therefore be considered separately.

The judgment was entered in 1872. In 1875 Davis filed in the district court a petition for his discharge in bankruptcy, and in 1876 Cornwall filed specifications of opposition thereto. Davis thereupon filed in said court his petition, praying that Cornwall's proofs of debt might be canceled, and that his specifications should be dismissed, because, after the proofs of debt were filed, he had obtained judgment upon the same claims, which judgment still stood of record, and was in full force.

Davis founded his petition upon the judgment, based his application for the affirmative action of the district court thereon, and asserted its validity. It was his sole and successful weapon of attack upon Cornwall. The judgment being against him, he set it up in bar of Cornwall's proofs of debt and specifications of opposition to the discharge, and by that act he affirmed "the validity of the judgment against himself, and is *eo instanti* estopped to impeach it thereafterwards." *Henderson* v. *Staniford,* 105 Mass. 504; *Hughes* v. *Investment Co.*, 28 Fed. Rep. 40; *Railway Co.* v. *McCarthy,* 96 U. S. 267. A party cannot successfully rely upon and affirmatively set up a judgment as valid to defeat his adversary's claim, and subsequently attempt to rely upon its invalidity. Although it was invalid when rendered, he has, by his subsequent conduct, and "by accepting the benefits which it conferred," given it validity, and it can no longer be considered, as against him, a void judgment. *Mills* v. *Hoffman,* 92 N. Y. 181. Is there necessity for resort to a court of equity to obtain the benefit of this estoppel? It is now settled that the mere fact that an estoppel is what is called an "equitable estoppel" does not compel the party who relies upon it to resort to equity, but it may be used with equal advantage in a court of law, and that, "in order to justify a resort to a court of equity, it is necessary to show some ground of equity other than the estoppel itself, whereby the party entitled to the benefit of it is prevented from making it available in a court of law." *Dickerson* v. *Colgrove,* 100 U. S. 578; *Drexel* v. *Berney,* 122 U. S. 241, 7 Sup. Ct. Rep. 1200. The ground of equity in this part of the case is the averment which was once conceded by the defendant, in argument, to be true, and which, therefore, I assume to be true, that in an action at law upon a judgment in the state of New York it is necessary to allege in the complaint either the facts showing the jurisdiction of the court in which the judgment was entered, or that it was duly entered, and, unless this is done, the complaint will be dismissed on demurrer. It thus appears that it is uncertain whether Cornwall could so frame his complaint as to be able to obtain a standing in a court of law, unless Davis should be prevented from taking advantage of the defective jurisdiction of the California court, and that it is improbable that the plaintiff could, at the outset of his case, avail himself of this estoppel so as to gain a foothold in court. It follows that a case is stated in that part of the bill which relates to the defense of the invalidity of the judgment which entitles the complainant to relief in a court of equity. *Drexel* v. *Berney, supra.*

The remaining portion of the bill presents a different question. The complainant contends that Davis is estopped from shifting his ground as to the effect of the judgment of December, 1872. His position in the petition to the district court, in his argument, and in his successful effort to obtain the order of October 30, 1876, was that the judgment created a new cause of action in which the pre-existing notes were merged; that neither judgment nor notes were provable; that the judgment would not be barred by the discharge in bankruptcy; and that consequently Cornwall's proofs should be canceled, and his specifications of opposition

should be dismissed; whereas he now claims that the debt was the same before and after judgment, and that the discharge in bankruptcy is effectual against the judgment. The *status* of a debt which existed at the time of an adjudication in bankruptcy, but which was represented by a judgment entered against the bankrupt after the adjudication and before his discharge, was, at the date of the order of October 31, 1876, a matter upon which the decisions were very contradictory. The subsequent decision of the supreme court in *Boynton* v. *Ball*, 121 U. S. 457, 7 Sup. Ct. Rep. 981, was against the theory of Davis' petition and the opinion of the district court. The question is thus raised whether Davis can be now permitted to change his position as to the legal effect of the judgment, which, he insisted in 1876, would not be barred by his discharge, and now insists was barred thereby. He obtained the order of the district court upon the old theory, and enjoyed the benefit of it, and now wishes to obtain the aid of the opposite and recently established theory. The question is not the same which has just been considered. That involved the propriety of abandoning his position in regard to the existence of a judgment, whereas this relates to the propriety of his changing his position in regard to the legal effect of the judgment. The plaintiff says that the principles which govern the decision of the two questions are the same. I do not propose to decide this question, because I see no difficulty in the plaintiff's having the benefit of this alleged estoppel in his action at law. If Davis pleads his discharge in bankruptcy, it is substantially conceded that the facts which constitute the estoppel can be given in evidence by the plaintiff. *Railroad Co.* v. *Howard*, 13 How. 307. There is nothing outside the estoppel which prevents the plaintiff from making it available in his action at law. *Drexel* v. *Berney, supra.* The demurrer is overruled.