SIDNEY W. RICE, Respondent, *v.* CHARLES A. COUTANT, Appellant, Impleaded with JAMES WRIGHT.

*Action on a judgment rendered in another State — proof as to identity of name — want of jurisdiction must be pleaded — effect of a general denial — motion to amend.*

In an action upon the judgment of a sister State, the fact that the judgment sued upon is against C. A. Coutant, while the defendant in the action is Charles A. Coutant, is immaterial, especially where the verification of the defendant's answer states, "Charles A. Coutant, being duly sworn, says," and

is signed "C. A. Coutant;" in such an action evidence tending to identify the
defendant as the C. A. Coutant against whom the foreign judgment was ren-
dered, is competent.

Want of jurisdiction in the foreign court to render the judgment sued upon is
an affirmative defense which must be pleaded, and is not available to the
defendant under a general denial. ·

Under a general denial, the defendant is not entitled to offer evidence tending to
disprove an allegation of the complaint to the effect that the judgment sued
upon was obtained upon personal service of process, where it appears that the
allegation of the complaint is in conformity with the recitals of the judgment.

A motion made by a defendant upon the trial of an action for leave to amend
his answer, is addressed to the discretion of the court, and is properly denied
where it appears that the defendant relied upon a mere quibble. ·

APPEAL by the defendant, Charles A. Coutant, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of New York on the 6th day of July,
1898, upon the verdict of a jury rendered by direction of the court.

This appeal was transferred from the first department to the sec-
ond department.

*Jacob Fromme*, for the appellant.

*Beno B. Gattell*, for the respondent.

WOODWARD, J.:

This action was brought on a judgment of a sister State, and the
question presented on appeal is whether, under the pleadings, the
defendant is bound by the judgment. The plaintiff alleges that
the Superior Court of Cook county, Illinois, is a court of general
jurisdiction, and that "on or about the 12th day of December,
1884, plaintiff commenced an action in said Superior Court of
Cook County, in the State of Illinois, by the issue of a summons
directed to said defendants" (Charles A. Coutant and James Wright,
the latter now dead), "which said summons so issued was there-
after duly and regularly personally served on the said defendants,
and each of them," and that "such proceedings were thereupon
had, that thereafter and on or about the 7th day of January, 1885,
in said action plaintiff recovered judgment, which was duly and
regularly given by said court against said defendants for the sum of
$8,765.30." The defendant, answering, says he has no knowledge

or information as to the character of the Superior Court, and "denies each and every allegation" of the complaint as to the material facts set forth above.

At the trial the plaintiff offered in evidence a certified copy of the judgment roll, entered in the Superior Court of Cook county, Ill., January 5, 1883. This was objected to on the grounds that it was not against the defendant Charles A. Coutant, and "that it does not appear that the defendant, whoever he was, C. A. Coutant, was personally served with the summons in the action." The objections were overruled and the defendant excepted. The plaintiff, over the objections of the defendant, was allowed to give evidence tending to establish that the defendant Charles A. Coutant was the C. A. Coutant who was the defendant in the action brought in the Superior Court of Cook county. At the close of plaintiff's evidence the defendant moved, through his counsel, to dismiss the complaint on the grounds "that the judgment in Cook county is against C. A. Coutant and not against Charles A. Coutant," and that it appeared upon the face of the exemplified judgment in evidence that the defendant, if it was Charles A. Coutant, was never personally served with the summons and complaint, and that it appeared on that paper that the summons or writ was served on one C. A. Coutant by reading it to him. The court ruled that the defendant had not pleaded lack of jurisdiction on the part of the Illinois court, and denied the right of the defendant to make proof that he was not personally served with the summons in the original action, or to amend his pleadings, and the appeal comes to this court upon defendant's exceptions to these rulings.

There is no serious dispute of the right of the plaintiff to judgment in this action, the principal point of the defendant being that the judgment in the Illinois court is against C. A. Coutant, while the defendant in this action is Charles A. Coutant, and it is apparently upon this technical difference in the name of the party defendant that the defendant relies both in his pleadings and upon this appeal. The effect of this difference in names is materially lessened, if it may be said to have had any force, by the fact that in the affidavit verifying the defendant's answer, after reciting that "Charles A. Coutant, being duly sworn, says," etc., is signed "C. A. Coutant,"

so that, by the record as made by the defendant, there would seem to be no question as to the identity of the defendant in both actions. The authorities relied upon by the defendant in support of his proposition that it was necessary to show that the initials " C. A." were used as an abbreviation for " Charles A." fall short of the point, and have no bearing upon the facts of this case, where the name of the party defendant is fully set forth. There is no effort to contradict the record or to add anything to it, and it was proper to identify the defendant as the C. A. Coutant against whom the judgment was found in the Illinois court. The rule laid down in Stephen's Digest of the Law of Evidence (Chap. 12, art. 90) relates, not to the names or the identity of parties, but to the subject-matter of written instruments, and cannot be invoked in aid of the defendant's contention.

While the law in this State is well settled that the defendant may question the jurisdiction of the court in which the judgment of a sister State is rendered, it is equally well established that he must plead this want of jurisdiction, and the question cannot be raised by a general denial of the allegations of the complaint. The general denial goes only to the extent of denying the existence of the facts necessary to the cause of action, not to the jurisdiction of the court in which the judgment on which this action is based was found, and is in effect to plead *nul tiel record*. In the case of *Starbuck* v. *Murray* (5 Wend. 148, 156), the court, in discussing the case of *Shumway* v. *Stillman* (4 Cow. 292), say that in that case it was explicitly decided "'that it was competent for the defendant to shew, by a special plea, that the court in which the judgment was rendered had no jurisdiction either of the subject-matter or of the person.'" The plaintiff, in setting forth his cause of action, states that the summons in the Illinois case " was thereafter duly and regularly personally served on the said defendants and each of them," and this fact, while not necessary, perhaps, in the pleadings, is sustained by the recitals of the judgment roll, which says that "it appearing to the court that due personal service of process of summons issued in said cause has been had on the defendants for at least ten days before the first day of this term," etc.; and the question of what particular method of service was employed was one wholly within the control of the State of Illinois, and the recital in the

judgment must be conclusive upon the defendant, unless it is shown that the court did not have jurisdiction of the person of the defendant, and this question cannot, as we have already pointed out, be raised by a general denial. As was said in the case of *Shumway* v. *Stillman* (*supra*): "Every presumption is in favor of the jurisdiction of the court. The record is *prima facie* evidence of it, and will be held conclusive until clearly and explicitly disproved." Freeman on Judgments (§ 570) lays down the proposition that "each State has the authority to provide the means by which its own citizens may be brought before its courts; that the courts of other States have no authority to disregard the means thus provided, and, finally, that every judgment or decree obtained in a State against some of its citizens, by virtue of a lawful, though constructive, service of process, should be as obligatory upon such citizen in every other State as it is in the State whence it is taken." The defendant was admittedly a resident of the State of Illinois at the time judgment was entered against him, and the recital in that judgment of the facts necessary to give jurisdiction cannot be attacked upon a plea denying the allegations of the plaintiff in conformity with the recitals of the judgment. Mr. Justice STORY, in the case of *Mills* v. *Duryee* (7 Cranch, 481), says: "The pleadings in an action are governed by the dignity of the instrument on which it is founded. If it be a record, conclusive between the parties, it cannot be denied but by the plea of *nul tiel record.*" It is now generally conceded that, under the provisions of the Federal Constitution and the acts of Congress, the judgments of State courts are to have "'such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are or shall be taken.'" (Freem. Judg. § 561.) But this rule does not prevent the defendant from raising the question of the jurisdiction of the court in a manner consistent with the dignity of the record, for it has been held that, if the court had no jurisdiction, then the record is not a record, and that it cannot have any binding force upon the courts of this State. "I cannot entertain a doubt," says Justice SUTHERLAND in the case of *Shumway* v. *Stillman* (*supra*), "upon principle, that, in an action upon a State judgment, it is competent for the defendant to show, by a special plea, that the court in which the judgment was rendered

had no jurisdiction either of the subject-matter or of the person." (See *Borden* v. *Fitch*, 15 Johns. 121, 141.) When the *Shumway* case came before the court again in 1831, on appeal (6 Wend. 447), the court held that, in an action on a judgment of a court of a sister State to a plea that the defendant was not personally served with process, and had no notice of the suit, the party plaintiff may reply that the defendant appeared in the suit by attorney, and the record of the judgment stating the fact that the defendant did appear by attorney will be evidence of the fact until contradicted. In the case of *Henderson* v. *Staniford* (105 Mass. 504) the court say : " A judgment, obtained without legal notice or service of process upon the defendant, there being no other objection to the jurisdiction of the court rendering it, is voidable only, not void. * * *, The defendant can avoid it only by plea; except where he is compelled to resort to a writ of error. And upon such plea, the burden is upon him to show the invalidity of the judgment." (See *Bissell* v. *Wheelock*, 11 Cush. 277.)

"It is an elementary principle recognized in all the cases," say the court in the case of *Ferguson* v. *Crawford* (70 N. Y. 253, 256), "that, to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that the court should have jurisdiction of the person as well as the subject-matter, and that the want of jurisdiction over either may always be *set up* against a judgment when sought to be enforced, or any benefit is claimed under it." But nowhere do we find a suggestion that this question may be raised by a simple denial of the allegations of the complaint; it is an affirmative defense, in which all of the presumptions are in favor of the judgment and its recitals. The defendant must not only plead lack of jurisdiction, but he must sustain the burden of proving the defense asserted. The rule is stated in the case of *Knapp* v. *Roche* (94 N. Y. 329, 333): "It is always competent to prove, under a general denial, any facts tending to controvert the material affirmative allegations of a complaint." But this is of no avail to the defendant, for the material allegation of the complaint is that a judgment was found against the defendant in the courts of Illinois, and all of the other allegations are incident to that fact. The general denial is a denial only of the fact of the existence of the judgment, and the plaintiff, in producing a duly attested copy

of the judgment, has met all of the requirements of the case, and is entitled to judgment under the pleadings.

The court, in denying the motion to permit the defendant to amend his pleadings, was acting within its discretion, and, under the circumstances of this case, where the defendant was apparently standing upon a mere quibble, it would have been an abuse of the discretion to have done otherwise than to refuse to grant the motion.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.