KINSEY *vs.* FORD.

Where, in an action upon a judgment, the defendant, by his answer, puts in issue the existence of a regular, valid and legal judgment, any evidence tending to show the judgment illegal or void, is competent. Hence a certified copy of the judgment record, showing that since the joining of the issue the judgment has been vacated, is admissible.

THIS was an action upon a judgment recovered by the plaintiff against the defendant, in the court of common

pleas of Tioga county, in the state of Pennsylvania. The answer contained a general denial of the allegations of the complaint, alleged that there was no such record, and claimed a set-off. A reply was served, putting the cause at issue, on the 5th of October, 1859. The action was tried at the circuit, before the judge, without a jury. The judge found the following facts : That judgment was recovered by the plaintiff, against the defendant, in the court of common pleas of Tioga county, Pennsylvania, for $300, on the 14th of December, 1857, and that said court had jurisdiction of the defendant and of the subject matter of the action. That after the recovery of said judgment, the same was by said court of common pleas, by a rule duly made and entered of record, on the 20th day of October, 1859, stricken from the record of said court. That by a statute of the state of Pennsylvania, and a standing rule of the said court of common pleas, [setting forth the statute and rule referred to in the opinion of the court in this case.] That the said action was embraced in the cases specified in the said statute and rule of court, and that no statements were filed by the plaintiff in said action, in compliance with such statute and rule. As a conclusion of law, the judge found that the plaintiff was entitled to a judgment against the defendant for $300 and interest. On the trial, the plaintiff offered in evidence a certified copy of the judgment record in the court of common pleas of Tioga county. The record was objected to, by the defendant, but was received and read in evidence. The defendant read in evidence, subject to objection, the statute of Pennsylvania and rule of court before mentioned. Also a certified copy of the record of the same judgment, containing, after the order for judgment, the following entry, which was read in evidence : " Sept. 15, 1859. Rule to show cause why judgment shall not be stricken off. Oct. 20, 1859. Rule made absolute." This copy of the record was certified by the prothonotary, and presiding judge, December, 14, 1859. Before the record and rules were read in evidence, the plain-

tiff's counsel objected to the introduction and reading of the rule of September 15, 1859, to show cause, and that of October 20, 1859, making it absolute, on the grounds, 1. That it was immaterial; 2d. That the rules having been made subsequent to the service of the answer, were not competent under the pleadings, no supplemental answer having been served; 3d. That the judgment sued on being valid and existing at the time of the commencement of the action, and at the time of service of the defendant's answer, any matter of defense arising subsequent to that time was not competent, under the issue as made. The court received the evidence subject to the objection, reserving the question.

Judgment being entered in accordance with the findings of the judge, the defendant appealed.

*Geo. T. Spencer*, for the appellant.

*Geo. B. Bradley*, for the respondent.

*By the Court*, WELLES, J. The only question in this case is whether the evidence of the vacatur of the judgment was admissible, under the pleadings. The vacatur was entered after the issue made by the pleadings, and upon which the parties went to trial, was joined. It is claimed on the part of the plaintiff that when the issue was joined there was a valid subsisting judgment, as stated in the complaint, which had not been reversed or vacated. That the defendant's answer puts in issue the existence of such judgment, and upon that issue the cause was tried; and that the evidence of the vacating of the judgment was inadmissible under the answer. This view is plausible, but I think unsound. Upon the trial the plaintiff gave in evidence a certified copy, duly authenticated, of the record of the judgment, as stated in the complaint, and rested. The defendant then read in evidence the statute of Pennsylvania, and standing rule of the court of

common pleas of Tioga county, Pennsylvania, which are set forth in the findings of the justice; both of which he finds were in force at the time the judgment was entered in that court. The judgment was by default. The statute and rule both provide that it shall be lawful for the plaintiff in any of the actions enumerated therein, (of which this is one,) at such time as the court may appoint, not less than twenty days after the return day of said court, on motion, to enter judgment by default, a declaration or statement first having been filed, under the standing rules of said courts, notwithstanding an appearance by attorney; unless the defendant shall have previously filed an affidavit of defense, stating therein the nature and character of the same. Providing that in all such cases no judgment should be entered by virtue of the act, unless the plaintiff should, within two weeks after the returning of the original process, file in the office of the prothonotary of the court a copy of the instrument of writing, book of entries, record or claim, except mortgages or judgments, on which action has been brought. The plaintiff neglected to file any statement in compliance with the said statute or rule.

The authority given by the statute to enter judgment by default was conditional. One condition was that the plaintiff should file the statement required, within the time specified. This condition was not complied with. The statute is imperative, that no judgment shall be entered unless the statement be filed, &c. The judgment was therefore irregular and void.

The allegations in the complaint are of a regular, valid and legal judgment. If not so in terms, it is necessarily so by plain and direct implication; otherwise the complaint itself would be vicious. The answer puts in issue the existence of such a judgment. Any evidence, therefore, tending to show the judgment illegal or void, would be competent on the part of the defendant for the purpose of meeting and overthrowing the *prima facie* evidence furnished by the plaintiff of its ex-

Hager *v.* Hager.

istence. The record of the judgment is not the judgment, but merely evidence of the judgment. On the same principle, the rule vacating the judgment is evidence, showing that the supposed judgment existed only in form, and was in fact no judgment. It was vacated for having been unlawfully obtained; and by the vacating of the judgment it is as if it never had been, and is not like a judgment reversed by error. (*Bac. Abr. Execution P., vol. 3, p.* 737, *Bouv. ed. of* 1846.)

The certified copy or exemplification of the judgment record is received in evidence in lieu of the original record. It is certainly no better or higher evidence than the record itself. Now suppose the original record had been produced on the trial, it would have shown not only that a judgment had been in form entered, but that it had been vacated. The defendant produced a copy of the same record, which showed the judgment vacated. This, I think, was good and competent, under his answer of a general denial. It showed that no such judgment as the plaintiff had counted upon in his complaint, in reality existed. That it existed in form only, and was *ab initio* unlawful, irregular and void. The plaintiff produced evidence of only a part of what the record, at the time of the trial, showed; and the defendant would in any case be entitled to the benefit of what it showed had taken place at any time before the trial. It may be affirmed, without imputing any improper conduct to the plaintiff, or his counsel, that the copy of the record produced on their part, on the trial, was garbled evidence, and did not exhibit the truth of the case as it then existed. And the plaintiff can claim nothing more than the true view of the facts presented. If he neglected to present that view, the defendant had the right to do it without reference to the pleadings.

In my opinion the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]