## James Capling v. Johannes Herman.

*Foreign judgment, authentication of.* The exemplification of a judgment of a foreign court, which is admitted to have had common law jurisdiction of the subject matter, and which is authenticated by the seal of the court, and the signature of the clerk, is sufficient. both at common law and under our statute.

The record in such case showed that the suit was commenced in the Court of Queen's Bench of Upper Canada, in which issue was joined at Toronto, and there was a recital of the trial of that issue before the Chief Justice at Perth, and of the return of the proceedings to Toronto, whereupon the court rendered judgment upon the verdict. Such a recital shows the trial to have been in the same court which rendered the judgment, and justifies its rendition.

*Heard January 8th. Decided January 11th.*

Error to Washtenaw Circuit.

This was an action of debt, brought upon a judgment recovered in the Court of Queen's Bench, at Toronto, Canada.

The plea was the general issue, with notice that defendant would insist that there was no such record as that declared upon.

CAPLING v. HERMAN.

The case was tried by the court without a jury, upon an exemplified copy of the record of the judgment, and a stipulation in the following words:

"It is hereby stipulated that on the trial of the above entitled cause, it shall be and is hereby admitted that the Court of Queen's Bench, for Upper Canada, at Toronto, mentioned in the annexed exemplification of the record of a judgment rendered therein, in favor of the above named plaintiff, and against the above named defendant, was in existence from a time prior to the commencement of the proceedings therein mentioned, and has so continued to the present time, having common law powers and jurisdiction of the kind of causes therein mentioned.

"That the signature of the said exemplification is the genuine signature of the clerk of said court, at the time of the date thereof; and that the seal affixed to the said exemplification is, and was, at said date, the genuine seal of said court."

The following is the finding of the court:

"This cause, neither party having demanded a jury, was tried by the court without a jury, and after hearing the proofs and allegations of the parties and the arguments of counsel, the court now finds the following facts, to wit:

That the exemplification of the record of a judgment, which is hereunto annexed and made part of this finding, was received in evidence, subject to the objection of the defendant's counsel, as to its being sufficient proof of the existence of said judgment, and in offering said exemplification it was admitted by the counsel for the defendant that the Court of Queen's Bench, for upper Canada, at Toronto, mentioned in the annexed exemplification of the record of a judgment mentioned therein, in favor of the above named plaintiff, and against the above named defendant, was in existence from a time prior to the commencement of the proceedings mentioned therein, and has so continued to the present time, having common law powers and jurisdiction of causes of the kind therein mentioned; that the signature to the said exemplification is the genuine signature of the

clerk of said court, at the time of the date thereof; and that the seal affixed to the said exemplification, is and was, at said date, the genuine seal of said court, as appears by the stipulation signed by the defendant's attorney, and attached to said exemplification.

And the court now decides that said exemplification, taken in connection with the admissions above mentioned, is sufficient proof of the existence of said record, as contained in said exemplification, and is admitted in evidence.

And the court, thereupon, further finds that a judgment was duly rendered and recorded on April 5, A. D. 1864, by the Court of Queen's Bench, for Upper Canada, of the United Kingdom of Great Britain and Ireland, at Toronto, in the Province of Upper Canada, in favor of said plaintiff, and against the said defendant, for the sum of $500 damages, and $100.70 costs of suit, as alleged in plaintiff's declaration in this cause; that the parties, plaintiff and defendant, duly appeared by their respective attorneys; that the said Court of Queen's Bench had jurisdiction of the said cause and the parties thereto.

And the court further finds that the said judgment in said exemplification mentioned, has not been reversed, vacated, nor in any manner satisfied; and the court further finds that the parties, by their respective attorneys, at the trial conceded that if the plaintiff was entitled to judgment in this cause, he was entitled to interest on the amount of the judgment, so rendered by the Court of the Queen's Bench, at the rate of six per cent. per annum, from the date of said judgment; and that the legal rate of interest in Upper Canada is six per cent. per annum.

And the court further finds that there is due on said judgment, for principal and interest on the same, at the rate of six per cent., the sum of $740.22.

On the trial the defendant's counsel objected to the sufficiency of said exemplification; that it did not appear that the proceedings at Perth were transmitted to the Court

of Queen's Bench, at Toronto, in accordance with the law of Canada, which objection is now overruled by the Court.

From the foregoing facts the court deduces the following conclusions of law:

*First:* That the exemplification with the admissions made by counsel in relation thereto, is sufficient legal proof of the existence of the judgment therein mentioned.

*Second:* That such judgment existing, the plaintiff is entitled to recover judgment thereon, against the said defendant, for the sum of $740.22, with his costs of suit."

To which finding the defendant excepted.

The other facts necessary to an understanding of the opinion are stated by the court.

*S. E. Engle and C. Joslin,* for plaintiff in error.

The only evidence in the case is the transcript, or, as it is called, exemplification and stipulation, together with the admission as to the rate of interest in Canada.

The court will examine the evidence in this case, so far as to see whether it supports the conclusions of fact; and also the finding of facts to see whether they support the judgment.—*13 Mich. 113.*

The finding clearly and explicitly shows the judgment to rest upon the exemplification and the annexed admissions. We contend these are not sufficient, and the judgment must be reversed.

This copy of an alleged judgment record is not authenticated according to the statute of Michigan, nor according to the common law.

*First:* As to the statutory mode. And this document must be considered in a two-fold view, to wit: As composed of the records of two distinct tribunals, and not as merely the record of the proceedings of the Queen's Bench alone. In the latter view, most favorable to the defendant in error, it is not authenticated according to statute.—*Comp. L. § 4260 – 1.*

But considering it as a record of two different tribunals, which it is in fact, its authentication, according to statute, is wholly defective.

At common law it is not properly authenticated, considered merely as a record of the Queen's Bench.

But it contains other proceedings which are the records of another court than the Queen's Bench, and as to such parts the authentication is totally and intrinsically defective.

The modes of authentication are: *First*: The great seal of state. *Second*: Sworn copy. *Third*: Certified copy by an officer shown to be duly authorized.

In this case it is neither of the first two, and is defective in the third.—*2 Caine's Cases, 155; 2 Cranch, 187; 35 N. H. 584; 14 Id. 102; 6 Id. 152; Id. 567; 10 Foster, N. H. 78; 8 Ind. 184; 12 How. 513; 14 Id. 426; 24 Vt. 501; 1 Iowa, Green, 78; 5 Met. 436; 3 Johns. 310; 13 Pet. 24 N. Y. 394; 26 Id. 146; 8 Mass. 272; 2 Conn. 209; 89; 7 Id. 434.* See also as to authenticating copies of records.—*2 Phil. Ev. (C. and H. notes) 131–349; 1 Car. and K. 655; Bull. N. P. 229; 1 Greenlf. Ev. § 485, 507 514 notes.*

The above cases establish the principle, that the certifying officer must be shown to have the authority to certify, which was not shown in this case as to the records from Perth.

The statement in the finding that "the court thereupon finds judgment was duly rendered," etc., is a conclusion of law, rather than of fact, and must be so regarded in this case.—*13 Mich. 121.*

Neither the records transmitted from Perth, nor the judgment itself, appears to have been signed by any officer of the respective courts, both of which signatures are necessary.—*24 N. Y. 394.*

Unless the transmission from Perth is shown to be according to the law of Canada, the Court of Queen's Bench does not appear to have the jurisdiction of the cause, as the above authorities show.

CAPLING v. HERMAN.

This court will not take judicial notice of the laws of a foreign country.— *Comp. L.* § *4316; 1 Ia. (Green) 78; 1 Greenlf. Ev; 3 Johns. 310.*

*A. Felch,* for defendant in error.

1. The record of the judgment sued upon does not become unavailing by reason of the clause in it relating to the proceedings at "Perth;" nor is further proof required in regard to it.

*a.* The record is a simple common law record of a judgment in a court of common law jurisdiction. The portion denominated in the brief of the plaintiff in error, "the records of the court for the County of Perth," is the usual *postea* always found in such records. The *postea* showing the proceedings on the jury trial is a necessary part of the common law record of a judgment in Queen's Bench, and like every other portion of that record is substantiated when the record itself is proved.

*b.* Official records do sometimes necessarily contain a statement of the action of, or documents issued from other tribunals or authorities. Thus Probate records may embrace returns from commissioners appointed to audit claims, or assign dower, or partition real estate. Causes pending in court are often referred to Auditors or Referees, and their reports made part of the record. So in appeal cases the proceedings in the court below are incorporated or recited in the record of the appellate court. In these and like cases, it was never held necessary to give separate proof of these parts of the record.

The authentication of the record of the court in which the judgment is rendered, substantiates all that is alleged or shown therein in regard to them.—*35 N. H. 484; 6 Mon. 52.*

*c.* The rule is believed to be universal, that when a record of a court shows jurisdiction of the action and the parties, and a judgment appearing to be duly rendered, all

that relates to the method of arriving at that judgment is matter of regularity merely, and will not affect the validity or conclusiveness of the judgment in a suit to enforce it. Questions of mere regularity of proceedings can be raised only in the court where the suit is pending, or in the proper appellate tribunal.

*d.* All judgments of courts of general jurisdiction, as well foreign as domestic, as well when the suit is *in personam* as *in rem*, are held by all courts to be *prima facie* conclusive. Such judgment, it is said, may be impeached, by showing a want of jurisdiction, or that it was procured by fraud, or founded in mistake, or that it is irregular and bad by the local law; but, as against a regular record, the burden of proof is on the defendant to show the defect. — *Story's Confl. of Laws,* §§ *603 – 609; 2 Swanston, 326; Doug. 1, and note; 11 Adol. and El. 179; 2 Car. and Payne, 88; 2 Barn. and Adol. 757; Kent's Com. 118, et seq. and notes; 10 Adol. and El. N. S. 152; 3 Sumn. 600; 1 Man. and Gr. 882; 3 C. B. 187; 9 Me. and W. 810; 6 Barb. S. C. 613; 1 Smith L. Cases, 834, 844, 848, and cases cited; 4 M. and S. 20; 4 Campb. 502; 4 Cow. 292; 26 N. Y. 146.*

The proceedings set out in the record must be presumed to be not only regular, but in accordance with the provision of the foreign law until the contrary be shown.—*2 Barn. & Adol. 951; 1 Cromp. Me. & Roscoe, 277; 4 Sandf. 126; 4 Bing. 686.*

2. The third point of exception — that the exemplification, even with the stipulation annexed to it, is not authenticated in any of the modes required by law — relates to the testimony in the case. Questions upon the authentication of an exemplification offered in evidence, can relate only to its admissibility, and does not go to its sufficiency. .

*a.* We say first that this question does not here arise, because no objection was made on the trial to the admitting of this proof. The only objection was to its sufficiency. Its admission was without objection.

*b.* This court will not review the testimony to see whether the Judge decided correctly or not. He was not required to state the proofs which were given to authenticate the exemplification, and it no where appears in the finding that the evidence is all reported. All necessary evidence preliminary to admitting the exemplification must be proved to have been given. The existence of a foreign judgment must be proved like any other fact.—*3 Johns. 310.*

*c.* But if the court will review the finding and should also assume that the testimony reported is all that was given on the subject, there is no error.

The exemplification was established within the meaning and spirit of our statute.— *Comp. L. § 4260.* That law recognizes the clerk of a court as the custodian of its records and seal, and his certificate under the seal, proof of the record. The second and third clauses of that section provide for additional certificates from the presiding judge of the court and of the proper officer of the government when the court is held under the great seal.

But these last two certificates are merely for the purpose of showing the existence and jurisdiction of the court, the authentication of the seal of the court and the genuineness of the clerk's signature. Without some evidence the court could not be assured of these. But where other proof of these facts are given it is sufficient. Here the defendant in error has solemnly admitted all this. His admission appearing in the record is stronger assurance than any certificates could be of the existence of the court and of the genuineness of the seal and the signature of its clerk. Against this he can not deny the authenticity of the exemplification.

At common law also this proof is sufficient.

One of these methods of proving a foreign judgment, as laid down by Ch. J. *Marshall,* in *Church v. Hubbard, 2 Cranch, 187,* and repeatedly approved by other courts, is by the certificate of an officer authorized by law, which

certificate must be properly authenticated." The clerk of a court is the officer authorized to keep the records and seal of the tribunal, and to certify its records; but what is a proper authentication of his certificate?

The certificate of the judge of the court, with a certificate under the great seal, or other authorized certifying officer, is the most usual evidence. But this is not necessary. Any proper evidence of the genuineness of the clerk's signature and of the seal of the court is sufficient. — *7 Cow. 434; 7 Johns. 514; 8 Mass. 273; 6 Foster, 152.*

3. The fifth objection — that it does not appear in evidence that the Court of Queen's Bench had jurisdiction of the parties — is equally without foundation. We must look to the record itself for this. So exclusive is this held by some courts, that all parol evidence of it has been rejected. *10 How. 348; 18 Pick. 393; 20 Me. 128; 26 Vt. 748.*

This record shows that the defendant was summoned by virtue of a writ issued on the first day of April, A. D. 1864, that the plaintiff declared by his attorney that the defendant put in a plea of not guilty, by his attorney; that the parties appeared by their respective attorneys and tried the case before the jury at Stratford, and again, in like manner, when the judgment was rendered at Toronto.

A statement in the record that the defendant appeared by attorney, is uniformily held to be sufficient, if not conclusive evidence, that the court had jurisdiction of the person. — *4 Sandf. Ch. 126; 6 Wend. 447; 1 Hall's Rep. 155; 10 Peters, 449; 10 Lou. 189; 3 Sumn. 604.*

4. The stipulation filed in the court below admits the common law powers and the jurisdiction of the Court of Queen's Bench, in cases of the kind mentioned in the record. This concludes the party so stipulating.

GRAVES J.

The defendant in error prosecuted an action of debt in the court below, against the plaintiff in error, and declared

upon a judgment alleged to have been recovered by Herman against Capling in the court of "Queen's Bench, for Upper Canada, at Toronto, in Upper Canada." The case was tried before the court below, without a jury, and the questions to be determined arise upon exceptions to the finding of the court. It appears from the record that on the trial the plaintiff below, in order to maintain his case, offered in evidence what he claimed to be the exemplification of the record of a judgment corresponding with that set forth in the declaration, and that it was received in evidence, subject to the objection by the counsel for Capling as to its being sufficient proof of the judgment in suit. It also appears that at the time the exemplification was offered in evidence it was expressly admitted on the part of Capling that the Court of Queen's Bench, for Upper Canada, at Toronto, mentioned in the exemplification was in existence from a time prior to the commencement of the proceedings specified in the exemplification, and had so continued to the time of the trial, and possessed common law powers and jurisdiction of the kind of causes mentioned in that case.

It was also, at the same time, expressly admitted, on the part of Capling, that the signature to the exemplification was the genuine signature of the clerk of said Court of Queen's Bench, at the time of the date, and that the seal affixed to the exemplification was at said date, and, at the time of the trial in the court below, the genuine seal of said Court of Queen's Bench.

The Circuit Judge made the exemplification a part of his finding, and held that, under the admissions on the part of Capling, it was sufficient proof of the existence of the record it assumed to represent, and proved the judgment described in Herman's declaration.

The objections made by the plaintiff in error are all based upon the proof made of the judgment of the Queen's

Bench, and they are of two kinds: *First:* That the exemplification, when aided by the admissions, was not authenticated, as required by our statute or the common law; and *Second:* That the exemplification itself contains fatal imperfections.    On the first ground, it is claimed that the document purports to represent the records of two distinct tribunals; one comprising proceedings had in the Court of Queen's Bench, at Toronto, and the other exhibiting proceedings had in a court at Stratford, in the County of Perth, and that the authentication is insufficient for an exemplification so constituted.

An inspection of the instrument is sufficient, in our opinion, to show that its nature is here wholly misapprehended, and that instead of its setting forth the proceedings of two distinct courts, it evidences a record in the Queen's Bench only.    It imports the commencement of a suit by writ issued out of the Queen's Bench; the joining of an issue of fact by the parties by their respective attorneys; the transmission of that issue to the assizes for the County of Perth for trial; the trial in that county, and the return of the *postea* into the Queen's Bench by the judge who tried the issue; and the subsequent judgment of the Queen's Bench upon the verdict shown by the *postea.* That portion of the instrument which the counsel for the plaintiff in error supposed to belong to the proceedings of another court, purports to be a mere copy of the *postea,* which by the common law practice was only the return of the judge, who tried the cause, of the proceedings at the trial, drawn up in such language as made it fit to form a part of the judgment roll, and which, as in this instance, was copied into the roll.

This *postea,* or return of the judge sitting at *nisi prius* for the trial of the issues of fact joined in the Queen's Bench, was the legal and duly authenticated memorial to authorize the award of judgment by the court in which the issue was made up.

It is seen, therefore, that the exemplification imports a record in common law form of the orderly proceedings in a single case.

Upon the question of authentication there can be no doubt.

Our statutes provide—*Comp. L.* §§ *4260, 4261*—that the records and judicial proceedings of any court, in a foreign country, shall be admitted in evidence in the courts of this state, if authenticated in a particular manner.

The admission is authorized if the proceeding has the attestation of the clerk of such court, with the certificate of the Chief Justice that the person attesting is such clerk, and that his signature is genuine; and with the further certificate of the Secretary of State, or other officer holding the great seal, purporting that the court is duly constituted, specifying generally the nature of its jurisdiction, and verifying the seal and signature of the clerk, and of the Chief Justice. In this case there was a seal, and the attestation clause declared it to be the seal "of our said Court of Queen's Bench for Upper Canada, at Toronto."

And this was followed by the signature of the supposed clerk, who subscribed himself as " L. Heyden, Clerk of the Crown and Pleas."

It is seen that the only purpose of the certificate of the Chief Justice in such a case as this, would be to prove thereby that the person attesting was clerk of the court, and that his signature was genuine; that the object of the certificate of the Secretary of State would be to show the due constitution of the court, the general nature of its jurisdiction, and to verify the seal and the signatures of the clerk and Chief Justice.

It is true that in the present instance these last named certificates are omitted; but by the written stipulation of the plaintiff in error, the facts to be established by them are for this case completely proved. By that he expressly admitted the existence of the court and the general nature

of its jurisdiction.    He likewise admitted that the signature
of Heyden was the genuine signature of the clerk of
"said court" at the date of the exemplification, and that
the seal was the genuine seal of "said court."

If he had permitted the exemplification to be introduced
as evidence without the stipulation and without objection,
he would have been concluded, and the exemplification
would have been well received as evidence.    As it is, his
written admissions must be taken as dispensing with the
formal proof which the statute specifies.    But if this were
otherwise, we think that the judgment was sufficiently
proved at common law; and the statute itself expressly
authorizes the proof of foreign judgments according to the
rules of the common law.—*2 Comp. L.* § *4262.*

Various objections were urged under the second head,
all of which we think untenable.

It was claimed that the proceedings sent from Perth do
not appear to have been authenticated, and that it is not
shown that they were transmitted according to the law of
Canada.

The character of that part of the document embracing
the proceedings at Perth has been already commented on,
and it has been shown that it was an integral part of a
common law record embodying the *postea,* or return of the
judge at *nisi prius,* who had been assigned to try the issue
joined, in the Queen's Bench, and could not be considered
as a matter foreign to the record.    As it stands before us,
it is as much a part of an entire record as any other por-
tion, and it appears to be, in all respects, regular, and in
due form.    If the record is properly authenticated, and not
apparently invalid, the part embodying the *postea* is not
open to the objections made to it.

It was also urged that the record did not show that the
court had jurisdiction of the parties.

It was admitted that the court was one of general com-
mon law jurisdiction, and an inspection of the record shows

that the plaintiff therein appeared by "James Alexander Carroll," attorney, and that the defendant by "David Home Lizars, his attorney," pleaded not guilty; that the plaintiff took issue upon the plea; and that on the trial before Chief Justice *Draper*, the parties appeared "by their respective attorneys within mentioned."

This statement in the record is *prima facie* evidence that the party appeared by attorney and that the latter was regularly constituted. It follows, therefore, that the Court of Queen's Bench must be considered as having acquired jurisdiction over the parties, and by the stipulation the plaintiff in error admitted that the subject matter was within it.

After a somewhat critical examination, we have not been able to discover any fault in the exemplification of the record of the Queen's Bench, and we think it was properly received by the court below, and was rightly considered a basis for recovery there.

The view we have taken disposes of all the questions presented, and we think that the judgment of the Circuit Court was right, and should be affirmed, with costs.

The other Justices concurred.