The Atlanta Hill Gold Mining and Milling Company, Respondent, v. Constant A. Andrews, Appellant.

In an action brought by plaintiff, a domestic corporation, but engaged in business in Idaho, against defendant, who was its president, to recover back a sum alleged to have been unlawfully and wrongfully paid to and received by him, it appeared that nine notes executed by the treasurer, under direction of plaintiff, were issued to him for salary, three of which were paid. Defendant set up as a counter-claim the other six notes. Plaintiff offered in evidence the judgment-record in an action, brought in Idaho, by defendant against plaintiff, upon the six notes, wherein, upon issue joined, the court found that the corporation never authorized the giving of the notes and that they were void; and judgment was rendered for defendant in that action. *Held*, that the record was properly received in evidence and had the same effect upon the rights of the litigants as if rendered by a court of this state (U. S. Const. art. 4, § 1; U. S. R. S. § 905), and so, that the judgment was conclusive in this action, and plaintiff was entitled to recover back the sum paid.

Reported below, 23 J. & S. 93.

(Argued March 4, 1890; decided March 21, 1890.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, in favor of plaintiff entered upon an order made June 23, 1887, which overruled defendant's exception and directed judgment on a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Adrian H. Joline* for appellant. The court erred in receiving in evidence the judgment of the court in Idaho, and in directing a verdict for the plaintiff based solely upon that judgment. (*Bell* v. *Merrifield*, 109 N. Y. 202, 211; *Stowell* v. *Chamberlain*, 60 id. 272; *Russell* v. *Place*, 94 U. S. 606; *Cromwell* v. *County of Sac*, Id. 351; *R. P. Co.* v. *O'Dougherty*, 81 N. Y. 474; *Belden* v. *State*, 103 id. 1; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 id. 1; Bigelow on Estop. 144, 145.) Defendant's presence and vote at the meet-

ing at which the resolution fixing his salary was adopted were not necessary. The resolution was properly passed by the vote of the other trustees, and became binding upon the company, and evidence of its adoption was admissible. (Wait on Ins. Corp. 508; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 190; *Copeland* v. *J. M. Co.*, 47 Hun, 235; 1 Morawetz on Corp. § 527.) The court erred in refusing to permit the defendant to prove that he had rendered services to the corporation, and the reasonable value of such services as an offset to the claim in this suit. (*Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190; *Jackson* v. *N. Y. C. R. R. Co.*, 59 id. 653; *M. R. Co.* v. *M. Co.*, 14 Abb. Pr. [N. C.] 258; *McNaughton* v. *Osgood*, 41 Hun, 109; *Copeland* v. *J. M. Co.*, 47 id. 235.)

*Horace E. Deming* for respondent. Under the well known principles of *res adjudicata* the Idaho judgment is conclusive that the resolutions as to the salary, and the notes for salary pursuant to these resolutions are void, and hence is conclusive of the plaintiff's right to recover the $1,500. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Bloomer* v. *Sturgis*, 58 id. 176; *Clemens* v. *Clemens*, 37 id. 74; *Bell* v. *Merrifield*, 109 id. 210; *Griffin* v. *L. I. R. R. Co.*, 102 id. 452.) Irrespective of the effect of the Idaho judgment, the plaintiff was entitled, upon the pleadings, to a judgment for the amount sued for. A contract between a corporation and one of its directors, to his pecuniary advantage, made at a meeting of the board of directors when he is present and takes part in the proceeding, is a nullity. (*Butts* v. *Wood*, 37 N. Y. 317; *Copeland* v. *Johnson*, 47 Hun, 235.) The defendant, as well as the plaintiff, is bound by the pleadings, both as to the issues raised and the proofs which may be offered within the issues. (25 N. Y. 266; 30 Hun, 375; 62 N. Y. 508; 84 id. 296.)

FOLLETT, Ch. J. The plaintiff is a corporation organized under the statutes of New York, but under which act does not appear. Its affairs are managed by five trustees, three of whom constitute a quorum. Its office and place of business is in the

city of New York and it also owns property and is engaged in business in Alturus county, Idaho. In May, 1883, the defendant who was then a trustee, was duly elected president of the corporation and discharged the duties of the office during the nine following months. Prior to July 12, 1883, no compensation for the president had been provided, but on that day at a meeting of the board of directors at which the defendant and two others were present, a resolution was adopted fixing his salary at $500 per month, and on the twentieth of the same month at a meeting of the board, at which the defendant and three other directors were present, the minutes of the transactions of the meeting of July twelfth were read and approved and the resolution of July twelfth was amended so that it read as follows: "Resolved, that the salary of the president of this company shall be at the rate of $500 per month from and after the 12th day of May, 1883, payable monthly, and that Mr. C. A. Andrews now president shall receive the same from said date and until the expiration of his present term of office."

It is alleged in the complaint, but denied in the answer, that one of the directors other than the defendant voted against said amended resolution, and that defendant's vote was required to pass it. Afterward, nine promissory notes for $500 each were executed in the name of the corporation by its treasurer, under the direction of the president, payable to his own order for his salary so provided for. On the 5th of September, 1883, at a meeting at which the defendant and two other directors were present, a resolution was passed directing the treasurer to pay to the president $1,500, the amount of three of the notes, which was done on the next day. On September 22, 1884, the defendant herein brought an action against the corporation in the District Court of Idaho to recover on the six unpaid notes so given to him, which bore the following dates: August 16, 1883; September 6, 1883; October 12, 1883; November 15, 1883; December 19, 1883, and January 21, 1884. The corporation appeared and answered, and upon the trial of the issue before the court

without a jury, the following facts were found: (1) That the plaintiff in that action (the defendant in this) was a director of the corporation from May, 1883, until after January 21, 1884, the date of the last note; (2) that the plaintiff in that action presided at the meeting of the board which voted him his salary, prepared the resolution and asked a co-director to introduce it; (3) that the notes were given for the salary so voted; that the corporation never authorized them to be given, but they were drawn by the secretary at the president's direction and were signed by the treasurer without express authority of the corporation and were void. As a conclusion of law it was decided: "That the resolutions voting plaintiff a monthly salary as president of the defendant corporation, for which plaintiff claims said promissory notes were executed, were and are void." A judgment was directed for the defendant corporation with costs, pursuant to which, July 12, 1886, a final judgment was entered which remains in full force. January 21, 1886, this action was begun to recover the $1,500 paid, with interest from the date of payment, and July 14, 1886, two days after the entry of the Idaho judgment, the defendant served an amended answer setting up the same six notes and the services for which they were given as a counter-claim. The plaintiff replied that the Idaho judgment was a bar. Upon the issues so joined, this action was tried. The plaintiff offered a certified copy of the Idaho judgment-roll in evidence which was objected to by the defendant "as inadmissible and incompetent," but the objection was overruled and the roll received and the defendant excepted. The roll was certainly relevant to the issues joined by the pleadings and its admissibility was not objected to on the ground that it was not certified as required by the statutes, nor that it was not admissible generally. No error was committed in receiving it.

The Idaho judgment has the same effect upon the rights of these litigants as though it had been rendered by a court of this state. (U. S. Const. art. 4, § 1; U. S. R. S. § 905.)

The appellant urges that it does not necessarily appear from the judgment-roll that the resolutions therein declared

invalid are the same as those under which he claims to have derived his right to the $1,500 sought to be recovered in this action. Reading this record and the defendant's answer in connection, it is made certain that the resolutions and proceedings adjudged to be invalid in the Idaho case are those under which the defendant was paid the sum now sought to be recovered.

The validity of the resolutions fixing the salary of the president was involved in the action in the Idaho court, and their invalidity having been adjudged by a court having jurisdiction of the subject-matter and of the parties, the judgment is conclusive in this action. The resolutions under which the payment was made being invalid, the corporation is entitled to recover the sum paid. (*Butts* v. *Wood*, 38 Barb. 181; 37 N. Y. 317; *Copeland* v. *Johnson Mfg. Co.*, 47 Hun, 235.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.