## CRANE v. CRANE.

*(City Court of New York, General Term.   July 1, 1892.)*

1. JURISDICTION OF CITY COURT OF NEW YORK—"CONTRACTS"—FOREIGN JUDGMENT.
    The decree of a court of another state directing payment of alimony is a "contract," within Code Civil Proc. § 316, fixing the maximum limit of the jurisdiction of the city court of New York at $2,000, where the action is brought on a "bond or other contract."

·2. ACTION ON FOREIGN JUDGMENT—SUFFICIENCY OF COMPLAINT.

In an action on a foreign judgment, the complaint alleged the recovery of the judgment, that it was rendered by a court of general jurisdiction, and that process was personally served on the defendant. *Held* sufficient, under Code Civil Proc. §. 481, which provides that the complaint shall set forth a plain and concise statement of the facts, without unnecessary repetition.

Appeal from special term.

Action by Ellen M. Crane against Albert Crane. Complaint alleges the commencement of an action between the plaintiff and defendant herein, on or about December 16, 1889, in the supreme court of the state of Connecticut, a court of general jurisdiction; the personal service of the summons upon the defendant; the recovery of a judgment on February 11, 1890, in favor of plaintiff, adjudging that defendant should pay to the plaintiff, so long as she remained unmarried, the sum of $4,000 a year, in equal monthly installments, viz., $333.33 on the first day of each month, commencing on the 1st day of March, 1890, and that said sum should be placed to the plaintiff's credit at the Farmers' Loan & Trust Company of New York City, or at such other place as plaintiff might thereafter designate; that plaintiff has not married since the entry of said judgment; that defendant has failed to comply with said, judgment, in that he has not paid the amounts directed to be paid, in and by said judgment, on the 1st days of February, March, and April, 1890, or deposited the same as directed by said judgment. Wherefore plaintiff demands. judgment against defendant for the sum of $999.99 and interest. Defendant. demurs to the complaint—*First*, that the court has not jurisdiction; *second*, that the complaint does not state facts sufficient to constitute a cause of action. Upon the hearing of the issue of law raised by the demurrer herein, an interlocutory judgment was entered, overruling the demurrer, and from this judgment defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*George Hill,* for appellant. *Davies, Short & Townsend,* for respondent.

McGOWN, J. As to the jurisdiction of the court over the subject-matter of the action. "The statutory jurisdiction of this court embraces an action. against a natural person, or against a foreign or domestic corporation, wherein the complaint demands judgment for a sum of money only." Code Civil Proc. § 315. In an action wherein the complaint demands judgment for a sum of money only, the sum for which judgment is rendered in favor of plaintiff cannot exceed $2,000, exclusive of interests and costs as taxed. * * * Where the action is brought upon a bond or other contract, the judgment must be for the sum actually due, without regard to the penalty; and, where money is. payable in installments, successive actions may be brought for the installments as they become due. Code Civil Proc. § 316. All causes of action are therefore within the jurisdiction of this court, where the relief is pecuniary only, where the damages do not exceed $2,000, and where the action is one not requiring equitable relief for the complete disposition of the controversy, as this court has no chancery jurisdiction or equitable powers; and within these limits the jurisdiction is as broad as that of the supreme court. No relief, other than the recovery of a money judgment, is asked for. And no equitable relief is necessary. The plaintiff asks for nothing more than a judgment for damages for $999.99, an amount within the jurisdiction of this court. The cause of action, as stated in the complaint, is simply a common-law action of debt, upon the contract of the defendant to pay to plaintiff certain sums of money; and is a constructive one, which the law implies from the fact of a judgment having been rendered against him directing such payment. *Taylor* v. *Root,* 43* N. Y. 344. The court of appeals held that "a judgment is a contract of the highest nature known to the law; actions upon judgments. are actions on contract." See 2 Bl. Comm. 465. The cause or consideration of the judgment is of no possible importance; that is merged in the judgment.

When recovered, the judgment stands as a conclusive declaration that the plaintiff therein is entitled to the sum of money recovered. No matter what may have been the original cause of action, the judgment forever settles the plaintiff's claim and the defendant's assent thereto. This assent may have been reluctant, but in law it is an assent, and the defendant is estopped by the judgment to dissent. Forever thereafter any claim on the judgment is setting up a cause of action on contract. It is strictly an action *ex contractu*, if suit is brought thereon. *Mallory* v. *Leach*, 23 How. Pr. 507. A similar question arose in *Howard* v. *Howard*, 15 Mass. 196, and is directly in point upon this question. In that case the plaintiff had previously obtained judgment for divorce and alimony in the same court, and brought this action to recover arrears of alimony. The court said: "The only question made in this case is whether an action of debt will lie to recover the sum ascertained to be due by the decree of this court for alimony, and there seems to be no reason why it should not. The debt is certain, and it is proved by record; and the decree is, in effect, as much a judgment as if rendered on the common-law side of the court." See, also, *Dubois* v. *Dubois*, 6 Cow. 494; *Springsteene* v. *Gillett*, 30 Hun, 260; *McDougall* v. *Richardson*, 3 Hill, 558; *Higgins* v. *Callahan*, 2 Civil Proc. R. 302. The judgment of a court of foreign jurisdiction may constitute a contract binding upon the defeated party, as well as though it had been rendered by a domestic tribunal. But the judgment of a sister state stands upon even higher authority than that of a foreign court, as the constitution of the United States has provided (section 1, art. 4) that full "faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." And it has been held that the judgment rendered in one state may constitute a proper subject of an action in a court of another state. See *Hatcher* v. *Rocheleau*, 18 N. Y. 86, 93.

2. As to the complaint. Code, § 481, provides that the complaint shall set forth "a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition;" and the plaintiff is only required, under the system of pleading now prevailing in this state, to state concisely those facts which go to make up his cause of action, and which, upon a general denial, he must prove, in order to show himself entitled to a judgment. The complaint alleges the recovery of a judgment against the defendant in a court of Connecticut, and that that court was a court of general jurisdiction, directing the payment to plaintiff of certain specified sums of money. The complaint also alleges personal service upon the defendant of the process of that court, thus giving the court jurisdiction of the person. In fact, the jurisdiction of the court of the subject-matter of the action, of its jurisdiction of the person of the defendant, and of the recovery of the judgment, are admitted by the demurrer, which concedes all the facts stated in the complaint. The demurrer was therefore properly overruled, and the judgment appealed from must be affirmed, with costs to the respondent. All concur.