(61 Misc. Rep. 148.)

### RICH v. COHEN.

(Supreme Court, Trial Term, New York County.   November, 1908.)

EVIDENCE (§ 348*)—FOREIGN JUDGMENTS—SUFFICIENCY OF CERTIFICATE.
    Rev. St. U. S. § 905 (U. S. Comp. St. 1901, p. 677), providing that a judgment in another state may be established in any court by the attestation of the clerk of the court, with the certificate of the judge, chief justice, or presiding magistrate that the attestation is in due form. *Held* that,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where the court is composed 'of more than one judge, the certificate by the judge of the court certifying that he is one of the judges, with authority to make the certificate, and showing that an assistant judge presided at the trial in which the judgment was obtained, was insufficient.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1369–1373; Dec. Dig. § 348.*]

Action by Leo Rich against J. Quintus Cohen on a foreign judgment. Judgment for defendant.

M. H. Winkler, for plaintiff.

William King Hall, for defendant.

PLATZEK, J.　The method of authenticating a record of a judgment from another state is prescribed by act of Congress:

"That the records in judgments and proceedings of the courts in any state or territory shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate that said attestation is in due form." Rev. St. U. S. § 905 (U. S. Comp. St. 1901, p. 677).

The plaintiff produced what purported to be a duly attested copy of the judgment. The defendant objected that the record presented was incompetent and not duly certified pursuant to the act of Congress. An inspection of the record shows that the court is composed of more than one judge; that there is no chief justice or presiding magistrate of the court; that all of the judges of the court are of equal rank; that the certificate is signed by H. A. Sharp, a judge of the court, who also certifies "that he is one of the judges of the court, with full authority to make this certificate." It also appears that Wm. W. Wilkerson, an associate judge of the court, was present and presided at the trial of the action in the city court of Birmingham, Jefferson county, Ala., in which the judgment sued upon was obtained.

The certificate of the judge in the form prescribed by the federal statute is indispensable. In Morris v. Patchin, 24 N. Y. 394, it is held that:

"It must appear by the certificate that the judge is not only 'a' judge of the court, but that he is the chief judge or presiding magistrate, when there are more judges than one of the court from which the record emanates."

Judge Gray, in People v. Smith, 121 N. Y. 581, 24 N. E. 852, said:

"The opinion in Morris v. Patchin, 24 N. Y. 394, 82 Am. Dec. 311, cited by appellants' counsel, held only that it must appear by the certificate that the judge is the chief justice or presiding magistrate, 'when there are more judges than one of the court from which the record emanates.' We are without proof on that subject, and we are not to presume that there were other judges."

In the case at bar it is undisputed that there are more judges than one of the Alabama court, and that the certifying judge was and is not the chief justice or presiding magistrate of said court, and that one of the associate judges of the court presided at the trial of the suit in which the plaintiff recovered. The provisions of the Code of Civil Procedure cited on behalf of the plaintiff are inapplicable to records of other states in this country, and only apply to records of courts of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

foreign countries. Tribilcox v. McAlpin, 46 Hun, 469; Van Deventer v. Mortimer, 56 Misc. Rep. 650, 107 N. Y. Supp. 564. The record offered by the plaintiff and issued out of the Alabama court is insufficiently and improperly authenticated. It is excluded as evidence.

Judgment for defendant, dismissing plaintiff's complaint.

Judgment for defendant.