A. J. GUSTAVUS, Plaintiff, *v.* LAWRENCE B. DAHLMER et al., Defendants.

(Supreme Court, Chautauqua Special Term, January, 1917.)

Judgments — foreign — when obtained in sister state — jurisdiction — attorneys — evidence — omission of revenue stamps — actions — pleading — Code Civ. Pro. §§ 952, 957 — when plaintiff entitled to amount sued for with interest.

In an action upon a judgment obtained in a sister state upon a note the judgment is conclusive as to the merits of the controversy and is itself an indebtedness and conclusively establishes the claim upon which it is based.

The foreign judgment like one rendered in this state may be impeached for want of jurisdiction over the subject-matter, or of the parties or for fraud.

A defense that the foreign court was without jurisdiction to render the judgment sued on must be affirmatively pleaded, and a general denial which only puts in issue the existence of the judgment is insufficient.

The jurisdiction of courts of limited jurisdiction and the facts upon which it depends must affirmatively appear in support of judgments rendered by them.

The jurisdiction of courts of record of general jurisdiction is presumed and proof of want of jurisdiction must come from the party seeking to impeach judgments rendered by them.

Where reliance is placed on a foreign judgment rendered by a court of record and of general jurisdiction, the presumption is that such court had authority to render the judgment in question, and that the necessary jurisdiction was acquired properly and the party who denies the same must assume the burden of proof.

The duly authenticated record of a judgment of a sister state is *prima facie* evidence of the jurisdiction of the court which rendered such judgment.

Where a copy of a record of a sister state judgment shows that the court rendering such judgment was a County, District or Circuit Court with a presiding judge, a clerk and a seal, and, therefore, a court of record, it may be presumed that the court was one of general jurisdiction.

While the presumption of jurisdiction prevails in the case of courts of general jurisdiction in the absence of any statement in the record showing service or appearance, if it should affirmatively appear from the record itself that there was neither notice nor appearance, this presumption would then fail and the judgment would be void.

A statement in the record that defendants appeared by attorney is *prima facie* evidence of his authority to appear and confess judgment.

A certificate under the seal of a court of a sister state, signed by the clerk and dated, which certifies that he had compared the record with the original and that " I have found the same to be a full, exact and correct transcript therefrom, and of the whole of the said original record," conforms to the requirement of section 957 of the Code of Civil Procedure and also complies with section 952 of said Code relating to the judgments of foreign countries.

Another certificate bearing the same date as the other, under the seal of the court and signed by the clerk and containing the statement that a certain person, naming him, " is one of the presiding judges of said court," and a further certificate bearing the same date signed by the person named as " presiding judge " sufficiently complies with section 905 of the United States Revised Statutes.

The omission of revenue stamps from the certficates of the clerk and the judge of the court in which the judgment sued on was rendered did not affect their admissibility as evidence in a state court.

The plaintiff is entitled to recover the amount of the judgment sued on, with interest thereon at the rate of six per cent. from the date of its rendition.

ACTION upon a judgment.

Morle L. Rowe, for plaintiff.

J. L. Hurlbert, for defendants.

COLE, J.   The action is upon a judgment of the Court of Common Pleas of the state of Ohio and was tried before the court without a jury.   The complaint alleges the recovery of the judgment and that the Court of Common Pleas of the State of Ohio is a court of general jurisdiction.   The answer contains a general denial and alleges that the note upon which the judgment was rendered was without consideration.   From the record of the judgment given in evidence it appears that the judgment was given upon a note dated January 4, 1909, payable one year after date, made by the defendant to the plaintiff as payee, containing the following provisions:   "And we hereby authorize and empower any attorney at law of any court of record in the state of Ohio at any time after this note becomes due to appear for us without process in any court of record in the state of Ohio and confess judgment for said amount, interest and costs, in favor of the legal holder, etc."

It further appears from the record that on February 2, 1915, Henry Schopfle appeared as attorney for the defendants in an action in the Court of Common Pleas, Erie county, Ohio, in which the plaintiff herein was plaintiff and the defendants herein were defendants, and confessed judgment in the sum of $800.   The judgment recites that the said Henry Schopfle is one of the attorneys of record of that court.   The record is

Supreme Court, January, 1917.        [Vol. 98.

duly authenticated by a certificate of the clerk of the court, containing the seal of the court, and by a certificate by Roy H. Williams, signing the same "presiding judge" of the court, in attempted compliance with the provisions of the act of Congress relative to the authentication of records of courts of record for use as evidence in other states.

Upon the trial the defendant sought to show:

*First.* That the note was given without consideration; and

*Second.* That the defendant was never served with process, and that the attorney named in the record was not authorized to appear for the defendants. Both of these offers were denied and the evidence excluded.

The defendants insist that the exclusion of this evidence was error. They also urge several objections which will be hereinafter noted, to the sufficiency of the record and to the authentication thereof.

*First.* Under no circumstances, and regardless of the sufficiency of the answer, could the defendants be permitted to relitigate the merits of the controversy. The judgment is conclusive upon that subject. The action is not upon the note, but upon the judgment, which itself becomes and is an indebtedness, and conclusively establishes the claim upon which it is based. 23 Cyc. 1553–1556; 13 Am. & Eng. Ency. of Law, 1010–1014; *Atlanta Hill Gold M. & M. Co.* v. *Andrews,* 120 N. Y. 58; *Pringle* v. *Woolworth,* 90 id. 502; *Everett* v. *Everett,* 180 id. 452.

*Second.* Notwithstanding the "full faith and credit" clause of the United States Constitution, the judgment, like a judgment of our own state, might be impeached for want of jurisdiction over the subject matter or the parties, or for fraud. *Smith* v. *Central Trust Co.,* 154 N. Y. 333–338; *Hunt* v. *Hunt,* 72 id. 217; *Rice* v. *Coutant,* 38 App. Div. 543.

30

This defense, however, was not available to the defendants under the denial contained in the answer. The general denial put in issue only the *existence of* the judgment. To enable the defendants to impeach the jurisdiction of the court, it was necessary that such defense be affirmatively pleaded. 23 Cyc. 1573; 13 Am. & Eng. Ency. of Law, 1028, 1029; *Rice* v. *Coutant,* 38 App. Div. 543; *Hoffheimer* v. *Stifel,* 17 Misc. Rep. 236.

Numerous authorities are cited by the defendants to support their contention that they should have been permitted to impeach the judgment, all of which authorities establish the proposition — not disputed in this case, but conceded — that a judgment may be collaterally attacked for want of jurisdiction, and none of which support the contention for which they are cited, viz., that it can be so attacked unless specially pleaded.

In *Long* v. *Long,* 1 Hill, 597, the defendant in fact set up in his answer as a defense that the defendant was not served, and that he did not appear in the action.

In *Noyes* **v.** *Butler,* 6 Barb. 613, the defendant pleaded want of jurisdiction in the court over the subject matter and over the person.

In *Kinsey* v. *Ford,* 38 Barb. 195, the issue was as to the *existence* of the judgment, the defendant claiming that the judgment had been *vacated,* and it was, of course, properly held that under a general denial the *existence* of the judgment might be attacked. The question of lack of jurisdiction over the subject matter or the parties was not involved.

In *Shumway* v. *Stillman,* 6 Wend. 447, the answer alleged that the defendant was a non-resident and that he was not served with process and did not appear in the action.

*Trebilcox* v. *McAlpine,* 46 Hun, 469, was a reference

under the statute on a disputed claim against an estate where no pleadings were in fact required, and where the defendant was at liberty to make any defense that was available to him without pleading it.

The defendants, being concluded by the judgment upon the merits of the claim upon which the judgment is based, and not having put themselves in position by their pleadings to avail themselves of the only defense to this judgment, must succeed, if at all, upon the infirmities of the plaintiff's case.

*Third.* The defendants urge several objections to the sufficiency of the record, as well as to the authentication thereof.

(1) It is asserted that it does not appear by proof affirmatively that the court of common pleas of Ohio had jurisdiction of the subject matter — that the statute under which the court is authorized and the extent of its jurisdiction are not proven. It is important in this connection to distinguish between superior courts of record of general jurisdiction and inferior courts of special and limited jurisdiction. In the case of judgments of courts of limited jurisdiction their jurisdiction and the facts upon which their jurisdiction depends must affirmatively appear in support of their judgments; whereas the jurisdiction of courts of record of general jurisdiction is *presumed* and proof of want of jurisdiction must come from the party seeking to impeach their judgments. *Thomas* v. *Robinson,* 3 Wend. 268, 269; *Wheeler* v. *Raymond,* 8 Cow. 312, 314; *Smith* v. *Central Trust Co.,* 154 N. Y. 333, 340, 341.

" In pleading the judgments of courts of limited jurisdiction, it is necessary to state the facts upon which the jurisdiction of such courts is founded; but, with respect to courts of general jurisdiction, such averments are not necessary; and if there was a want

of jurisdiction, that fact should come from the other side.'' *Wheeler* v. *Raymond*, 8 Cow. 312, 314.

'' This being an action on debt upon a justice's judgment rendered in the State of Pennsylvania, it was incumbent upon the plaintiff to show that the magistrate had jurisdiction of the subject matter of the suit as well as of the person of the defendant. Courts of justices of the peace are not courts of record. They do not proceed according to the course of the common law. They are confined strictly to the authority given them by statute, and can take nothing by implication, but must show their authority in every instance, and must comply with the forms prescribed by the statute creating them.'' *Thomas* v. *Robinson*, 3 Wend. 268.

'' 'An inferior court shall, when questioned, show that it acted within its jurisdiction. Whereas in courts of general jurisdiction, jurisdiction is presumed until the contrary is shown. * * * The rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged.' '' *Smith* v. *Central Trust Co.,* 154 N. Y. 333–340.

This rule, in so far as it involves the question of *pleading,* has been modified by the provisions of section 532 of the Code of Civil Procedure, which provides that the judgment or determination of such a court '' may be stated to have been duly given or made,'' but the rule still prevails with respect to the matter of *proof.*

With respect to courts of general jurisdiction their jurisdiction is *presumed* and need not be alleged or proven. 23 Cyc. 1567; *Crane* v. *Crane*, 19 N. Y. Supp. 691; *Shumway* v. *Stillman*, 4 Cow. 293; *Thomas* v. *Rob-*

*inson,* 3 Wend. 268–289; *Noyes* v. *Butler,* 6 Barb. 613; *Smith* v. *Central Trust Co.,* 154 N. Y. 333–341; 13 Am. & Eng. Ency. of Law, 998; *Rice* v. *Coutant,* 38 App. Div. 543; *Coakley* v. *Rickard,* 136 id. 489–491; 13 Am. & Eng. Ency. of Law, 995, 996.

Where reliance is placed on a foreign judgment rendered by a court of record and of general jurisdiction, the presumption is that such court had authority to render the judgment in question, and that the necessary jurisdiction was acquired properly and the party who denies the same must assume the burden of proof. 13 Am. & Eng. Ency. of Law, 995, 996.

" The presumption is that a court of general jurisdiction proceeded to judgment only after duly acquiring jurisdiction by the service of all notices actually necessary. * * * 'An inferior court shall, when questioned, show that it acted within its jurisdiction. Whereas in courts of general jurisdiction, jurisdiction is presumed until the contrary is shown. * * * A superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears; and this presumption embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment is given, but of the parties also. * * *' When the record of a court of general jurisdiction discloses nothing in regard to the service of process or notice, and no evidence is given upon the subject, jurisdiction over the person will be presumed, because the record itself imports sufficient proof of jurisdiction without disclosing the different steps by which such jurisdiction was acquired." *Smith* v. *Central Trust Co.,* 154 N. Y. 340, 341.

"A court of general jurisdiction is presumed to have acted in such particular case by competent authority, and its records are evidence not only of its acts but of its jurisdiction." *Thomas* v. *Robinson,* 3 Wend. 268, 269.

Every presumption is in favor of the jurisdiction of the court. The record is *prima facie* evidence of it and will be held conclusive until clearly and explicitly disproved. *Shumway* v. *Stillman,* 4 Cow. 292–296.

The defendants urge that the plaintiff *failed to prove* that the Court of Common Pleas of Ohio is a court of general jurisdiction.

The duly authenticated record of a judgment of a sister state is *prima facie* evidence of the jurisdiction of the court which rendered such judgment. 13 Am. & Eng. Ency. of Law, 994.

Where a copy of a record of a sister state judgment shows that the court rendering such judgment was a County, District or Circuit Court with a presiding judge, a clerk and a seal, and, therefore, a court of record, it may be presumed that the court was one of general jurisdiction. 13 Am. & Eng. Ency. of Law, —.

Judge Folger, discussing the question in *Pepin* v. *Lachenmeyer,* 45 N. Y. 27, says: " The record was received in evidence, and it shows the existence of a court, with a judge, clerk and seal, and it is *prima facie* evidence of the acts of the court as set forth in it, and that it had jurisdiction of the persons and of the subject matter. * * * This established the judgment in favor of the plaintiff against the defendants, and made out his cause of action against them in the court below, unless they could succeed in impeaching it." *Pepin* v. *Lachenmeyer,* 45 N. Y. 27, 29.

This precise question is involved in the case of *Pringle* v. *Woolworth,* 90 N. Y. 502.

Judge Andrews in discussing this question which pertained to a judgment of the Court of Common Pleas of Pennsylvania says: "It was claimed, first, that it did not appear that the Court of Common Pleas of Mercer county, was a court of general jurisdiction. There was no evidence extrinsic to the record upon this point, but the court, as its name imports, was a court of common-law jurisdiction. The Court of Common Pleas in England, is one of the most ancient of the superior courts of the common law in that realm. The only limitation in the jurisdiction of the Court of Common Pleas in Pennsylvania, by which the judgment in question was rendered, is a limitation to be inferred from the fact that it was a court of a particular county within the State. But the record shows that it was a court of record, having a prothonotary or clerk, and a presiding justice, and there is no suggestion that it did not have cognizance of all actions where the cause of action arose, or the subject-matter was situated within the county in which the court was organized. Courts of Common Pleas of counties, under the former Constitution, in this State were held in *Foot* v. *Stevens* (17 Wend. 483) to be courts of general jurisdiction for the purpose of the presumption which always prevails as to jurisdiction of courts of that character, and the County Courts or Courts of Common Pleas of other States have been treated as courts of general jurisdiction for the purposes of such presumption." *Pringle* v. *Woolworth,* 90 N. Y. 506, 507.

In the case at bar the record is authenticated by the clerk and by the presiding justice. As the name of the court implies it is a court of record. It has a clerk, a seal, and a presiding justice and within the authorities already cited it is presumed to be a court of general jurisdiction.

While the presumption of jurisdiction prevails in the case of courts of general jurisdiction in the absence of any statement in the record showing service or appearance, if it should *affirmatively* appear from the *record itself* that there was neither notice nor appearance, this presumption would then fail and the judgment would be void. *Smith* v. *Central Trust Co.,* 154 N. Y. 333–341; *Pringle* v. *Woolworth,* 90 id. 502–507; *Shumway* v. *Stillman,* 6 Wend. 447.

In the case at bar, however, although not a necessary condition to its validity, the record in fact discloses that the defendants appeared by attorney.

This statement in the record affords *prima facie* evidence of the authority of the attorney to appear and confess judgment. 13 Am. & Eng. Ency. of Law, 994–998; *Capling* v. *Herman,* 17 Mich. 534; *Lawrence* v. *Jarvis,* 38 Ill. 304; *Teel* v. *Yost,* 128 N. Y. 387.

The case of *Teel* v. *Yost,* last cited, is precisely in point. The judgment in that case was rendered in the Court of Common Pleas of Pennsylvania, by confession upon appearance by attorney, the authority being contained in a note containing the following provision: "And I also hereby authorize any attorney of any court of record in Pennsylvania, or elsewhere, to confess judgment therefor."

It is urged that the record is not properly authenticated as required by the act of Congress. U. S. R. S. § 905.

The copies are (*First*) *certified* by a deputy clerk in the name of the clerk *by* his deputy, this certificate bearing date June 18, 1915, and is no part of the authentication required by the act of Congress.

*Second.* Another *certificate* under the seal of the court signed by the clerk dated June 15, 1916, certifying that he has compared the record with the original

and that " I have found the same to be a full, exact and correct transcript therefrom, and of the whole of the said original record."

This certification conforms to the requirements of section 957 of the Code of Civil Procedure, and also complies with section 952 of the Code relating to the judgments of foreign *countries.*

*Third.* Another certificate bearing the same date as the last mentioned certificate, to wit, June 15, 1916, under the seal of the court and signed by the clerk, embodying the requirements of the act of Congress (§ 905) and containing the statement that Roy H. Williams " is *one* of the presiding Judges of said court." (The italics are mine.)

*Fourth.* A certificate bearing the same date as that of the clerk, to wit, June 15, 1916, in compliance with the act of Congress, this certificate being signed " Roy H. Williams presiding Judge."

These two last mentioned certificates signed by the clerk (not the deputy) and by the presiding judge, respectively, seem to fully comply with the act of Congress, unless it be faulty in that the clerk certifies the said judge to be " *one of* the presiding judges of the court."

The judge himself certifies that he is *the* presiding judge and the clerk certifies that he is *one* of the presiding judges.

In *Morris* v. *Patchin,* 24 N. Y. 394, and *People* v. *Smith,* 121 id. 581, the certificate of the judge shows that he is *a* judge of the court, and these were held to be insufficient; that it should appear that he was the presiding judge or chief judge.

In *Rich* v. *Cohen,* 61 Misc. Rep. 148, the certificate of the judge shows " ' that he is one of the judges of the court, with full authority to make this certificate,' "

and it further appeared from the record that another judge of the court presided at the trial. In each of these cases the faulty certificate was the one made by the judge which failed to show that he was the presiding judge.

In the case at bar the certificate of the *judge* is properly signed by him as *presiding* judge. By the act of Congress the clerk is required to attest the record and the judge is required to certify that it is in due form.

The certificate of the judge in this case appears to be that of *the* presiding judge. The certificate of the clerk attesting the record shows that he is *one* of the presiding judges.

This certificate of the clerk differs from the certificate in the cases cited, neither of which showed that the judge authenticating the record was even *a* " presiding " judge.

The certificates when offered in evidence contained no revenue stamps and were objected to upon that ground, but were received over the objection. Since then the revenue stamps have been attached, the plaintiff's attorney asserting that this has been accomplished by returning them to the officers and having the stamps affixed pursuant to the authority conferred by the act itself. This latter precaution does not seem to have been necessary, however. The omission of the revenue stamps did not affect their admissibility in evidence in a state court. *Moore* v. *Moore,* 47 N. Y. 467; *People ex rel. Barbour* v. *Gates,* 43 id. 40; *Neldert* v. *Chicago, R. I. & P. R. R. Co.,* 89 Misc. Rep. 282; *People ex rel. Consumers' Brewing Co.* v. *Fromme,* 35 App. Div. 450.

It is asserted that in no event should interest be allowed on this judgment. The law seems to be settled, not only in this but in other states, that judgments,

both domestic and foreign, bear interest, particularly in those states where interest is allowed as damages for withholding payment. In an action on a foreign judgment the plaintiff may recover interest on the amount of his judgment from the time of its rendition. 13 Am. & Eng. Ency. of Law, 1057.

And in those states where interest is allowed by way of damages for withholding payment, the rate of interest is that of the state in which the action is brought. *Barringer* v. *King,* 5 Gray (Mass.), 9; *Hopkins* v. *Shepard,* 129 Mass. 600.

In the state of New York it is held that " Interest on a judgment, which is an obligation of record to pay the sum adjudged, is given as damages for delay in performing the obligation." *O'Brien* v. *Young,* 95 N. Y. 428, 435.

In the case of *Wells, Fargo & Co.* v. *Davis,* 105 N. Y. 670, it is expressly adjudged that the rate of interest prevailing in this state controls in an action upon a foreign judgment. *Wells Fargo & Co.* v. *Davis, supra.*

The plaintiff is entitled to judgment in this action for the amount of the judgment sued upon with interest at six per cent from the date of the rendition of such judgment. Findings may be prepared in accordance with the foregoing.

Judgment accordingly.